1

2

3

4

5

6

7

# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| GUIDANO NAPOLI, *et al.*, | CV 15-03474 TJH |
| Plaintiff, | |
| v. | |
| AMPIO PHARMACEUTICALS, INC., *et al.*, | *Order* |
| Defendants. | |
| SHIVA STEIN, *et al.*, | |
| Plaintiff, | CV 15-03640 TJH |
| v. | |
| AMPIO PHARMACEUTICALS, INC., *et al.*, | |
| Defendants. | |

The Court has considered the motion of the Harr Family and the motion of Stephen Kweder and Jeffery Barela to consolidate these cases, to be appointed as

1  lead plaintiff, and for approval of choice of counsel, together with the moving

2  papers.

3     Pursuant to Fed. R. Civ. P. 42(a), the Court has broad discretion to

4  consolidate cases that involve a common question of law or fact.  *Investors Research*

5  *Co. v. United States Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989).  Additionally, the

6  Private Securities Litigation Reform Act ["PSLRA"], 15 U.S.C. § 78u-4, supports

7  the consolidation of actions where more than one action on behalf of a class asserting

8  substantially the same claim or claims arising under a common question of law or

9  fact has been filed.  15 U.S.C. § 78u-4(a)(3)(A)(ii).

10    Here, both complaints allege that Ampio made misleading public statements,

11  regarding a drug it manufactured, to purchasers who acquired Ampio securities

12  between January 13, 2014, and August 21, 2014.  Consequently, both cases allege

13  violations of §§ 10(b) and 20(a) of the Federal Securities Exchange Act, 15 U.S.C.

14  §§ 78j(b) and 78t(a).  Accordingly, both cases involve common questions of law and

15  fact.

16    The PSLRA sets forth the criteria for selecting a lead plaintiff in a securities

17  class action.   15 U.S.C. § 78u-4(a)(3)(B).   The PSLRA creates a rebuttable

18  presumption that the most adequate plaintiff to serve as the lead plaintiff is the party

19  that:  (1) Filed the complaint, or moved to be appointed as lead plaintiff in response

20  to a notice that the class action had been filed, (2) Has the largest financial interest

21  sought by the class, and (3) Otherwise satisfies the requirements of Fed. R. Civ. P.

22  23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th

23  Cir. 2002).

24    Here, the Harr Family filed this motion after receiving notice of Napoli's class

25  action, and the Harr Family has the largest financial interest at stake - approximately

26  $726,000.00.  In determining whether the Harr Family has satisfied the requirements

1    of Fed R. Civ. P. 23(a), the Court need not raise its inquiry to the level required in

2    ruling on a motion of class certification; a prima facie showing that the Harr Family

3    satisfy the Rule 23 requirements is sufficient.  *See In re Cavanaugh*, 306 F.3d at

4    729-30.  At this stage of assigning a lead plaintiff, Rule 23's typicality and adequacy

5    requirements are the Court's main focus.  *In re Cavanaugh*, 306 F.3d at 730.

6    Further, the numerosity and commonality requirements should be deferred until the

7    lead plaintiff moves for class certification.  *In re Cavanaugh*, 306 F.3d at 730.

8         Here, the Harr Family alleges that it shares substantially the same  questions

9    of law and fact with the members of the proposed class, and that its claims are

10   typical of the members of the class.  Additionally, the presumption in favor of

11   appointing the Harr Family as lead plaintiff may be rebutted only upon proof by a

12   member of the class that the presumptively most adequate plaintiff will: (1) Not

13   fairly and adequately protect the interests of the class, or (2) Be "subject to unique

14   defenses that render such plaintiff incapable of adequately representing the class."

15   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).  No rebuttal evidence or arguments have been

16   submitted.

17        Finally, the Harr Family has selected Lawrence Rosen as its counsel of choice

18   to be lead counsel.  The PSLRA confers on the lead plaintiff the right to select and

19   retain the lead counsel, subject to approval of the Court.  15 U.S.C. § 78u-

20   4(a)(3)(B)(v).  Further, the Court would interfere with the lead plaintiff's selection

21   of counsel only when necessary "to protect the interests of the class."  15 U.S.C.

22   § 78u-4(a)(3)(B)(iii)(II)(aa).   No one has opposed the appointment of Rosen, who

23   appears to be a competent and experienced securities class action litigator, having

24   been appointed as lead counsel in other securities class actions in this District and

25   around the nation.

26        It is Ordered that the cases be, and hereby are, Consolidated.

1  **It is further Ordered** that the Harr Family be, and hereby is, **Appointed**

2  lead plaintiff.

3

4  **It is further Ordered** that Lawrence Rosen be, and hereby is, **Appointed**

5  lead counsel for the plaintiff class.

6

7  **It is further Ordered** that Kwedar's and Barela's motion for appointment

8  as lead plaintiffs be, and hereby is, **Denied**.

9

10  Date:   December 10, 2015

11  _____

12  Terry J. Hatter, Jr.
    Senior United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26