FILED
CLERK, U.S. DISTRICT COURT
SEPT. 29, 2017
CENTRAL DISTRICT OF CALIFORNIA
BY: YS DEPUTY

Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Lead Counsel for Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

ERIC HARR, BRYAN HARR, THOMAS DILORENZO, Individually and on behalf of all others similarly situated,

Plaintiffs,

v.

AMPIO PHARMACEUTICALS, INC., MICHAEL MACALUSO, MARK D. MCGREGOR, GREGORY A. GOULD, VAUGHAN L. CLIFT,

Defendants.

Case No. 2:15-cv-03474-TJH-PJW
(Consolidated with 2:15-cv-03640)

**CLASS ACTION**

**~~[PROPOSED]~~ FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE** [96]

Judge: Judge Terry J. Hatter, Jr.
Courtroom: 9B – First Street
Hearing Date: August 28, 2017
Time: 10:00 a.m.
Action Filed: May 8, 2015

This matter came before the Court for a hearing pursuant to the Order of this Court on April 5, 2017 ("Preliminary Approval Order"), on the application of the Parties for approval of the Settlement set forth in the Stipulation of Settlement (the "Stipulation"), executed as of January 31, 2017 and filed with the Court on February 28, 2017. The Stipulation is attached hereto as Exhibit 2. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

The Court has received declarations attesting to the mailing of the Notice and publication of the Summary Notice in accordance with the Preliminary Approval Order, due and adequate notice having been given to the Settlement Class as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings in this Action and otherwise being fully informed of the matters herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this Action, including the terms and conditions of the Stipulation and all exhibits thereto and the Plan of Allocation of the Net Settlement Fund, and over all Parties to the Action and all Settlement Class Members.

2. Per the Court's Preliminary Approval Order, the Court has certified for settlement purposes, a Settlement Class consisting of all Persons who purchased the common stock of Ampio Pharmaceuticals, Inc. ("Ampio") from and including January 13, 2014 to August 21, 2014, including those who purchased Ampio common stock pursuant and/or traceable to Ampio's secondary public offering on or about February 28, 2014 (the "Settlement Class"). Excluded from the Settlement Class are Defendants, the present and former officers and directors of Ampio, members of the Immediate Family of any Individual Defendant and the legal representatives, heirs, successors and assigns of any of the foregoing, as well as any entity in which Defendants have or had a controlling interest. Also excluded from the

Settlement Class are those Persons who submitted valid and timely requests for exclusion in accordance with the requirements set forth in the Notice, who are listed on Exhibit 1 hereto.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff The Harr Family, comprised of Eric and Bryan Harr ("Lead Plaintiff"), and Plaintiff Thomas DiLorenzo (collectively with Lead Plaintiff, the "Plaintiffs") are confirmed as the class representatives for the Settlement Class ("Class Representatives") and Lead Counsel is confirmed as counsel for the Settlement Class.

4. This Court finds that the distribution of the Notice and the publication of the Summary Notice, and the notice methodology, all implemented in accordance with the terms of the Stipulation and the Court's Preliminary Approval Order:

(a) constituted the best practicable notice to the Settlement Class Members under the circumstances;

(b) were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the terms and effect of the Stipulation and the proposed Settlement of this class action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Final Fairness Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all Persons who are not excluded from the Settlement Class;

(c) were reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to be provided with notice; and

(d) fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution

(including the Due Process Clause), Section 21D(a)(7) of the Exchange Act, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, the Rules of the Court, the Class Action Fairness Act, 28 U.S.C. § 1715, and any other applicable law.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds that the terms and provisions of the Stipulation were entered into by the Parties at arm's-length and in good faith, and are fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members. The Parties and their counsel are hereby directed to implement and consummate the Settlement in accordance with its terms and conditions.

6. The Action and all Released Claims are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Stipulation or this Final Judgment and Order of Dismissal With Prejudice ("Final Judgment").

7. In accordance with Paragraph 1.28 of the Stipulation, for purposes of this Final Judgment the term "Released Persons" shall mean: (a) any and all of the Defendants and any person, partnership, firm, corporation, limited liability company, trust or other entity or organization in which any Defendant has a controlling interest or which is or was related to or affiliated with any of the Defendants; and (b) with respect to each of the Persons in subsection (a), their respective past, present or future directors, officers, employees, insurers, reinsurers, attorneys, agents, partners, principals, advisors, investment advisors, auditors, accountants, trustees, underwriters, investment bankers, subsidiaries, parents, successors, predecessors, heirs, Immediate Family, and anyone acting or purporting to act for or on behalf of any of them or their successors.

8. In accordance with Paragraph 1.27 of the Stipulation, for purposes of this Final Judgment the term "Released Claims" shall mean: any and claims, rights,

demands, causes of action or liabilities of any kind, nature and character (including but not limited to claims for damages, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether foreign or domestic, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, individual or derivative in nature (collectively "Claims"), including known and Unknown Claims (as defined below), against any of the Released Persons (as defined below) that: (i) were asserted or could have been asserted in the Action; (ii) would have been barred by res judicata had the Action been fully litigated to a final judgment; or (iii) that could have been, or could in the future be, asserted in any forum or proceeding or otherwise by any member of the Settlement Class against any of the Released Persons that relate to the purchase or sale of Ampio common stock (collectively, the "Released Claims"), *provided that* Released Claims shall not include: (1) claims to enforce the Settlement; and (2) shareholder derivative claims filed by Ampio shareholder Michelle Oglina, as presently asserted, in *Oglina v. Macaluso, et al.*, No. 2:15-cv-5970-TJH-PJW (C.D. Cal.); shareholder derivative claims filed by Ampio shareholder Patrick Loyd, as presently asserted, in *Loyd v. Giles, et al.*, No. 2015-CV-33429 (Colo. Denver District); and shareholder derivative claims as contemplated or threatened by letters dated May 8, 2015 and October 17, 2015 sent on behalf of Ampio shareholder Albert Halegoua.

9. In accordance with Paragraph 1.36 of the Stipulation, for purposes of this Final Judgment the term "Unknown Claims" shall mean: any Released Claims which Plaintiffs or any Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this

Settlement. Unknown Claims include those claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of this Final Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of this Final Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable or equivalent in effect to California Civil Code § 1542. Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by

operation of this Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

10. Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and each of their respective personal representatives, Immediate Family, trustees, heirs, executors, administrators, parent entities, associates, affiliates, predecessors, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, and regardless of whether any such Plaintiff or Settlement Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Net Settlement Fund, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, or assisting any Person in instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting any Released Claim against any of the Released Persons.

11. Defendants, on behalf of themselves, their heirs, executors, predecessors, successors and assigns, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Plaintiffs, Settlement Class Members and Lead Counsel from all Claims which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Action ("Defendants' Released Claims") and shall be permanently enjoined from prosecuting the Defendants' Released Claims against the Plaintiffs, Settlement Class Members and Lead Counsel.

12. All Persons and/or entities whose names appear on Exhibit 1 hereto are hereby excluded from the Settlement Class, are not bound by this Final Judgment, and may not make any claim with respect to or receive any benefit from the

Settlement. Such excluded Persons and entities may not pursue any Released Claims on behalf of those who are bound by this Final Judgment.

13. This Final Judgment, the Stipulation, and any of their respective provisions, and any negotiations, proceedings or agreements relating to the Stipulation and the Settlement, and all matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of the Stipulation:

i. shall not be offered or received against any of the Defendants as evidence of a presumption, concession, or admission of any kind;

ii. shall not be offered or received against any of the Defendants as evidence of an admission by any of those Defendants with respect to the truth of any fact alleged in the Complaint or the validity of any Released Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Defendants;

iii. shall not be offered or received against the Defendants as evidence of any fault, misrepresentation, omission or other actionable conduct with respect to any statement or written document approved or made by any of the Defendants;

iv. shall not be offered or received against the Defendants as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Persons may refer to the Stipulation to effectuate the release of Released Claims and other liability protections granted to them in the Stipulation;

v. shall not be construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

vi. shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the other Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount; and

vii. shall not, in the event of a Termination, be used by any Party for any purpose in any trial in this Action.

Any Party may file or introduce the Stipulation or this Final Judgment in any action or proceeding that may be brought to enforce the terms of the Stipulation and/or this Final Judgment, or any action or proceeding related to rights or claims of Defendants relating to indemnification and/or advancement in connection with this Action.

14. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Gross Settlement Fund, including interest earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; (d) application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to Settlement Class Members; and (e) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.

15. Any orders regarding the Plan of Allocation of the Net Settlement Fund, the Fee and Expense Award, or the Award to Plaintiffs, or any appeal, modification or change of any of the foregoing, shall in no way disturb or affect the finality of this Final Judgment and shall be considered separate from this Final Judgment.

16. This Court finds that Plaintiffs and Lead Counsel adequately represented the Settlement Class under Rules 23(a)(4) and (g) of the Federal Rules of Civil

Procedure for purpose of negotiating, entering into, and implementing the Settlement and at all times during the pendency of this Action.

17. This Court finds that during the course of the litigation, the Plaintiffs, Lead Counsel and the Defendants and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

18. Nothing in this Final Judgment constitutes or reflects a waiver, release or discharge of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives.

19. The Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Stipulation and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Stipulation are done in accordance with the terms of Paragraph 7.2 of the Stipulation, are not materially inconsistent with this Final Judgment and do not materially limit the rights of Settlement Class Members or the Released Persons under the Stipulation.

20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Gross Settlement Fund, or any portion thereof, is returned to Defendants' insurers, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the provisions of Paragraph 7.7 of the Stipulation shall apply.

21. The provisions of this Final Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment. The Clerk is hereby directed to immediately enter this Final Judgment.

SO ORDERED this 29th day of Sept., 2017.

Terry J. Hatter, Jr.

The Honorable Terry J. Hatter, Jr.
United States District Court Judge

# EXHIBIT 1

## Exhibit 1 - Parties Excluded From Settlement

Thanh Hong Luong

# EXHIBIT 2

Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
*Email: lrosen@rosenlegal.com*

*Lead Counsel for Plaintiffs*

*[additional counsel on signature page]*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ERIC HARR, BRYAN HARR, THOMAS DILORENZO, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMPIO PHARMACEUTICALS, INC., MICHAEL MACALUSO, MARK D. MCGREGOR, GREGORY A. GOULD, VAUGHAN L. CLIFT,<br><br>Defendants. | Case No. 2:15-cv-03474-TJH-PJW<br>(Consolidated with 2:15-cv-03640)<br><br>**<u>CLASS ACTION</u>**<br><br>**STIPULATION OF SETTLEMENT**<br><br>Judge: Judge Terry J. Hatter, Jr.<br>Courtroom: 9B – First Street<br>Action Filed: May 8, 2015 |

This Stipulation of Settlement dated as of January 31, 2017 (the "Stipulation"), is made and entered into by and among the following Parties to the above-entitled Action: (i) Lead Plaintiff The Harr Family, comprised of Eric and Bryan Harr ("Lead Plaintiff"), and Plaintiff Thomas DiLorenzo (collectively with Lead Plaintiff, the "Plaintiffs"), on behalf of themselves and each of the Settlement Class Members (defined below), by and through their counsel of record in the Action; and (ii) Ampio Pharmaceuticals, Inc., ("Ampio" or the "Company"), Michael Macaluso, Mark D. McGregor, Gregory A. Gould and Vaughan L. Clift (collectively with Ampio, the "Defendants"), by and through their counsel of record in the Action. Subject to the approval of the Court, the Stipulation is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Action and the Released Claims (defined below), upon and subject to the terms and conditions hereof, without any admission or concession as to the merits of any claim or defense by Plaintiffs or Defendants.

## I. THE ACTION

On May 8, 2015 and May 14, 2015, purported stockholders of the Company brought two putative class action lawsuits in the United States District Court for the Central District of California, titled *Napoli v. Ampio Pharmaceuticals, Inc., et al.*, Case No. 2:15-cv-03474-TJH and *Stein v. Ampio Pharmaceuticals, Inc., et al.*, Case No. 2:15-cv-03640-TJH. On December 10, 2015, the Court consolidated these cases into the instant action, now titled *Harr v. Ampio Pharmaceuticals, Inc., et al.*, Case No. 2:15-cv-03474-TJH-PJW, appointed the Harr Family as lead plaintiff, and appointed Laurence Rosen as lead counsel. (Dkt. No. 36).

Plaintiffs filed a Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws on February 8, 2016 (Dkt. No. 47) (the "CAC") on behalf of purchasers of Ampio common stock between January 13, 2014 through August 21, 2014, inclusive (the "Settlement Class Period"), which named

Ampio, Michael Macaluso, Mark D. McGregor, Gregory A. Gould, and Vaughan L. Clift as defendants.

On August 4, 2016, the Court issued an order granting Defendants' motion to dismiss the CAC, with leave to amend (Dkt. No. 60). On or around August 16, 2016, the Parties conferred regarding the possibility of settlement and a mediation to facilitate resolution of the case. Pursuant to a stipulation, to allow the parties to complete a mediation, on September 6, 2016, the Court entered an Order to extend the date for Plaintiffs to file a second amended complaint until September 27, 2016 and to extend the date for Defendants to respond to that complaint until November 11, 2016 (Dkt. No. 64).

On September 27, 2016, Plaintiffs filed their Second Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (Dkt. No. 65) (the "Complaint" or "SAC"), against the same Defendants on behalf of purchasers of Ampio common stock during the same Settlement Class Period. The SAC is the operative complaint in this Action and alleges that Defendants violated federal securities laws by misrepresenting and/or omitting information regarding the STEP Study for Ampion – a biologic in development by Ampio intended to alleviate osteoarthritis in the knee. The SAC seeks an unspecified amount of damages and asserts claims against Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, and Sections 11 and 15 of the Securities Act of 1933.

On November 1, 2016, the Court entered an Order further extending the date for Defendants to respond to the Complaint until December 12, 2016 (Dkt. No. 69). The Parties had requested this extension in order to complete mediation.

On November 8, 2016, the parties participated in an all-day mediation session before Michelle Yoshida of Phillips ADR. Prior to the mediation, the Parties exchanged mediation statements. Plaintiffs and Defendants reached an agreement-in-principle to settle this matter during the November 8, 2016 mediation. The

Parties then negotiated and executed a Memorandum of Understanding, dated November 17, 2016, that outlined and confirmed many of the material terms of the agreement.

Defendants have denied and continue to deny that they have committed any act giving rise to any liability, damages or violation of law whatsoever, and state that they are entering into this Settlement solely to eliminate the uncertainties, burden, risk, distraction and expense of further litigation. Nothing in this Stipulation should be construed as an admission by any Defendant as to any liability, wrongdoing, fault or damages whatsoever.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs (on behalf of themselves and each of the Settlement Class Members) and Defendants, by and through their respective duly authorized counsel of record, that, subject to the approval of the Court, the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of the Stipulation, as follows.

**1. Definitions**

As used in the Stipulation, the following terms have the meanings specified below. In the event of any inconsistency between any definition set forth below and any definition set forth in any document attached as an exhibit to the Stipulation, the definition set forth below shall control.

1.1. "Action" means the above-captioned action, *Harr v. Ampio Pharmaceuticals*, Case No. 2:15-cv-03474-TJH-PJW, pending in the United States District Court for the Central District of California.

1.2. "Authorized Claimant" means any Settlement Class Member who, in accordance with the terms of the Stipulation, is entitled to a distribution from the Net Settlement Fund pursuant to any Plan of Allocation or any order of the Court.

1.3. “Award to Plaintiffs” means the requested reimbursement to Plaintiffs for their reasonable costs and expenses (including lost wages) directly related to Plaintiffs’ representation of the Settlement Class in the Action.

1.4. “Claims Administrator” means Strategic Claims Services or such other entity that the Court shall appoint to administer the Settlement and to perform other administrative functions under this Stipulation.

1.5. “Complaint” means the Consolidated Second Amended Class Action Complaint For Violations of the Federal Securities Laws filed in this Action on September 27, 2016 (Dkt. No. 65).

1.6. “Court” means the United States District Court for the Central District of California.

1.7. “Defendants” means Ampio, Michael Macaluso, Mark D. McGregor, Gregory A. Gould and Vaughan L. Clift.

1.8. “Defendants’ Counsel” means Goodwin Procter LLP.

1.9. “Effective Date” means the first date by which all of the events and conditions specified in Paragraph 7.1 of this Stipulation have occurred.

1.10. “Escrow Account” means the interest-bearing account created pursuant to Paragraph 2.1.

1.11. “Escrow Agent” means Strategic Claims Services or its appointed agent. The Escrow Agent shall perform the duties as set forth in this Stipulation, under the supervision of Lead Counsel.

1.12. “Fee and Expense Award” means such amounts as may be awarded by the Court to Lead Counsel to compensate them for their fees and reimburse them for their expenses in connection with the Action, as described in Paragraph 6.1 below.

1.13. “Final” means, with respect to any order of court, including, without limitation, the Final Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on

appeal or otherwise. Without limitation, an order becomes "Final" when: (a) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (b) an appeal has been filed and either (i) the appeal has been dismissed and the prescribed time, if any, for commencing any further appeal has expired, or (ii) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired. For purposes of this Paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings seeking review, alteration, amendment or appeal of a court's order. Any appeal or other proceeding pertaining to the Plan of Allocation, Lead Counsel's Fee and Expense Award (or any other application for attorneys' fees or expenses) or the Award to Plaintiffs shall not in any way delay or preclude the Final Judgment from becoming Final.

1.14. "Final Judgment" means the judgment to be rendered by the Court, substantially in the form attached as Exhibit B hereto.

1.15. "Gross Settlement Fund" means the fund described in Paragraph 2.2 of this Stipulation.

1.16. "Immediate Family" shall mean spouse, domestic partner, parents, grandparents, children and grandchildren.

1.17. "Individual Defendants" means Michael Macaluso, Mark D. McGregor, Gregory A. Gould and Vaughan L. Clift.

1.18. "Lead Counsel" means The Rosen Law Firm, P.A.

1.19. "Net Settlement Fund" shall have the meaning described in Paragraph 2.8 below.

1.20. "Notice" means the notice of the proposed Settlement and Fairness Hearing, substantially in the form attached hereto as Exhibit A-1, which is to be mailed to Settlement Class Members, pursuant to the Preliminary Approval Order.

1.21. "Notice and Administration Expenses" means all expenses incurred in connection with the administration of the Settlement, and shall include, among other things, the costs associated with printing and mailing the notice and Proof of Claim and Release forms as directed by the Court, publishing summary notice, locating Settlement Class Members, and the cost of processing proofs of claim and distributing settlement funds to Authorized Claimants; *provided, however,* that Notice and Administration Expenses shall not include any of the Fee and Expense Award.

1.22. "Parties" means, collectively, Plaintiffs on behalf of themselves and the Settlement Class Members, and all Defendants.

1.23. "Person(s)" means an individual, corporation, limited liability company, professional corporation, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity together with the spouses, heirs, predecessors, successors, representatives, or assigns of any of the foregoing.

1.24. "Plaintiffs" means, collectively, Lead Plaintiff The Harr Family and named plaintiff Thomas DiLorenzo.

1.25. "Plan of Allocation" means a plan or formula of allocation of the net Settlement Fund, to be approved by the Court, whereby the Net Settlement Fund shall be distributed to Authorized Claimants after payment of or provision for Notice and Administration Expenses, Taxes and Tax Expenses, such attorneys' fees, costs, expenses, and interest as may be awarded by the Court, and any award to the Plaintiffs as may be approved by the Court. Any Plan of Allocation is not part of this Stipulation, and the Released Persons shall not have any responsibility or liability with respect thereto.

1.26. "Proof of Claim and Release" means the form that will be mailed to Settlement Class Members with the Notice and pursuant to which Settlement

Class Members submit a claim by completing, signing, dating, and returning it to the Claims Administrator in accordance with the procedures set forth therein. A sample Proof of Claim proposed by the Parties is attached hereto as Exhibit A-3.

1.27. "Released Claims" means any and claims, rights, demands, causes of action or liabilities of any kind, nature and character (including but not limited to claims for damages, interest, attorneys' fees, expert or consulting fees, and any and all other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether foreign or domestic, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, individual or derivative in nature (collectively "Claims"), including known and Unknown Claims (as defined below), against any of the Released Persons (as defined below) that: (i) were asserted or could have been asserted in the Action; (ii) would have been barred by res judicata had the Action been fully litigated to a final judgment; or (iii) that could have been, or could in the future be, asserted in any forum or proceeding or otherwise by any member of the Settlement Class against any of the Released Persons that relate to the purchase or sale of Ampio common stock (collectively, the "Released Claims"), *provided that* Released Claims shall not include: (1) claims to enforce the Settlement; and (2) shareholder derivative claims filed by Ampio shareholder Michelle Oglina, as presently asserted, in *Oglina v. Macaluso, et al.*, No. 2:15-cv-5970-TJH-PJW (C.D. Cal.); shareholder derivative claims filed by Ampio shareholder Patrick Loyd, as presently asserted, in *Loyd v. Giles, et al.*, No. 2015-CV-33429 (Colo. Denver District); and shareholder derivative claims as contemplated or threatened by letters dated May 8, 2015 and October 17, 2015 sent on behalf of Ampio shareholder Albert Halegoua.

1.28. "Released Person(s)" means (a) any and all of the Defendants and any person, partnership, firm, corporation, limited liability company, trust or other entity or organization in which any Defendant has a controlling interest or

which is or was related to or affiliated with any of the Defendants; and (b) with respect to each of the Persons in subsection (a), their respective past, present or future directors, officers, employees, insurers, reinsurers, attorneys, agents, partners, principals, advisors, investment advisors, auditors, accountants, trustees, underwriters, investment bankers, subsidiaries, parents, successors, predecessors, heirs, Immediate Family, and anyone acting or purporting to act for or on behalf of any of them or their successors.

1.29. "Settlement" means the settlement of the Action as embodied in this Stipulation.

1.30. "Settlement Amount" means Three Million Four Hundred Thousand Dollars ($3,400,000.00).

1.31. "Settlement Class" means all Persons who purchased Ampio common stock during the period from and including January 13, 2014 to August 21, 2014, including those who purchased Ampio common stock pursuant and/or traceable to the Company's secondary public offering on or about February 28, 2014. Excluded from the Settlement Class are Defendants, the present and former officers and directors of Ampio, members of the Immediate Family of any Individual Defendant and the legal representatives, heirs, successors and assigns of any of the foregoing, as well as any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those Persons who submit valid and timely requests for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.

1.32. "Settlement Class Member" means a Person who falls within the definition of the Settlement Class as set forth in Paragraph 1.31.

1.33. "Settlement Class Period" means the period between January 13, and August 21, 2014, inclusive.

1.34. "Summary Notice" means the notice of the proposed Settlement and Fairness Hearing, substantially in the form attached hereto as Exhibit A-2, which is to be published pursuant to the Preliminary Approval Order.

1.35. "Taxes and Tax Expenses" means (i) all taxes (including any estimated taxes, interest or penalties) on the income of the Gross Settlement Fund and (ii) expenses and costs incurred in connection with the operation and implementation of the provisions in Paragraphs 2.9, 2.10 and 2.11 below and the taxation of the Gross Settlement Fund, including, without limitation, expenses of tax attorneys and/or accountants related to filing the tax returns described in Paragraphs 2.9, 2.10 and 2.11 below.

1.36. "Unknown Claims" means any Released Claims which Plaintiffs or any Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. Unknown Claims include those claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable or equivalent in effect to California Civil Code § 1542. Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

**2. The Settlement**

**A. The Settlement Fund**

2.1. In full settlement of the Released Claims, Defendants shall, within twenty (20) business days of entry of the Preliminary Approval Order by the Court, cause its insurer to pay Three Million Four Hundred Thousand Dollars ($3,400,000.00) (the "Settlement Amount"), by check, into an interest-bearing escrow account established by Lead Counsel (the "Escrow Account"). Such check shall be made payable to Ampio Pharmaceuticals Inc. Litigation Settlement Fund,

and shall be delivered to Faye Knowles, Mulholland & Co., 225 State Road, Media, PA 19063. No later than five (5) business days after entry of preliminary approval by the Court, Lead Counsel shall provide Defendants' Counsel a Form W-9 from the payee to whom the Settlement Amount shall be paid.

2.2. The Settlement Amount, together with any interest earned thereon from the date of deposit into the Escrow Account, shall be the "Gross Settlement Fund."

2.3. The Settlement Amount shall be the full and sole monetary contribution made on behalf of the Defendants and the Released Persons in connection with the Settlement, and without limiting the generality of the foregoing in any way, all Notice and Administration Expenses shall be paid out of the Gross Settlement Fund. Under no circumstances will Defendants or their insurers, collectively or separately, be required to pay or cause to be paid any amount in addition to the Settlement Amount. Except as otherwise provided in this Stipulation with respect to payment of Lead Counsel's Fee and Expense Award and the Award to Plaintiffs out of the Gross Settlement Fund, the Parties shall bear their own costs and expenses (including attorneys' fees) in connection with effectuating the Settlement and securing all necessary Court orders and approvals with respect to the same.

**B. The Escrow Agent**

2.4. Strategic Claims Services shall serve as escrow agent for the Escrow Account (the "Escrow Agent"), under the supervision of Lead Counsel. The Escrow Agent shall invest the Gross Settlement Fund in instruments either fully insured or backed by the full faith and credit of the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Released Persons shall not have any responsibility or liability whatsoever for investment decisions. All risks related to the investment of the Gross Settlement Fund shall be borne by the

Gross Settlement Fund and not by any of the Defendants or Released Persons, and the Gross Settlement Fund shall indemnify the Released Persons, Plaintiffs, and Lead Counsel and hold them harmless from any losses arising from the investment or disbursement of any portion of the Gross Settlement Fund.

2.5. The Escrow Agent shall not use or disburse all or any part of that portion of the Gross Settlement Fund held in the Escrow Account except as provided for in this Stipulation, or by an order of the Court, or with the written agreement of Defendants' Counsel and Lead Counsel, with the approval of Plaintiffs. Defendants' Counsel shall have prompt access to records of the Escrow Account upon written request.

2.6. All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Stipulation and/or upon further order(s) of the Court, or returned to Defendants in the event that this Settlement is not consummated or is terminated pursuant to the provisions of Paragraphs 7.3, 7.4 and 7.5 below.

2.7. The Escrow Agent shall be liable only for acts of gross negligence or willful misconduct, and in such instances shall indemnify the Released Persons, Plaintiffs, and Lead Counsel and hold them harmless from any losses arising from the investment or disbursement of any portion of the Gross Settlement Fund resulting from such gross negligence or willful misconduct.

2.8. The Gross Settlement Fund shall be used to pay: (i) any Fee and Expense Award; (ii) any Award to Plaintiffs; (iii) any Notice and Administration Expenses; and (iv) any Taxes and Tax Expenses. The balance of the Gross Settlement Fund (inclusive of interest earned) shall be the "Net Settlement Fund."

**C. Taxes**

2.9. The Parties and the Escrow Agent shall treat the escrow account as a "qualified settlement fund" for purposes of Section 468B of the Internal

Revenue Code of 1986, as amended, and the Treasury Regulations promulgated thereunder. The Escrow Agent shall timely make such elections as are necessary or advisable to carry out the provision of this Paragraph 2.9, including, without limitation, the "relation-back election" described in Treas. Reg. §1.468B-1 back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations.

2.10. The Escrow Agent shall be the Escrow Account's "administrator" as that term is used in Treas. Reg. §1.468B-2. As administrator, the Escrow Agent shall satisfy the administrative requirements imposed by Treas. Reg. §1.468B-2 by, *e.g.*, (i) obtaining a taxpayer identification number, (ii) satisfying any information reporting or withholding requirements imposed on distributions from the Gross Settlement Fund, and (iii) timely and properly filing applicable federal, state or local tax returns necessary or advisable with respect to the Gross Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)) and paying any taxes reported thereon. Such returns (as well as the election described in Paragraph 2.9) shall be consistent with this Paragraph 2.10 and in all events shall reflect that all Taxes on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided in Paragraph 2.11 hereof.

2.11. All Taxes and Tax Expenses shall be paid out of the Gross Settlement Fund; in all events, the Released Persons shall have no liability or responsibility for the Taxes and Tax Expenses, or the filing of any tax returns or other documents with the Internal Revenue Service or any other state or local taxing authority. Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Gross Settlement Fund without prior order from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to the Authorized Claimants any funds necessary to pay

such amounts (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)). The Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this Section 2.

**3. Certification, Preliminary Approval Order and Final Fairness Hearing**

3.1. The Parties hereby stipulate to certification of the Settlement Class, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, solely for purposes of this Stipulation and the Settlement set forth herein. If the Stipulation is not approved by the Court, however, then (a) Defendants shall retain all rights to (i) object to and oppose class certification, or (ii) challenge the standing of Plaintiffs or any other intervening plaintiff; and (b) this Stipulation and any motion or other papers filed in support of its approval shall not be offered as evidence of any agreement, admission or concession that any class should be or remain certified in the Action or that Plaintiffs or any other intervening plaintiff has standing or any legal right to represent any class.

3.2. As soon as practicable after this Stipulation is fully executed, but in any event no later than January 31, 2017, Lead Counsel shall submit the Stipulation to the Court and shall apply for entry of an order (the "Preliminary Approval Order") substantially in the form attached hereto as Exhibit A, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, approval for the mailing of a settlement notice (the "Notice") substantially in the form attached as Exhibit A-1 hereto, and publication of a summary notice (the "Summary Notice") substantially in the form attached as Exhibit A-2 hereto. The Notice shall include the general terms of the proposed Settlement set forth in this Stipulation, the proposed Plan of Allocation, the requested Fee and Expense Award, the requested Award to Plaintiffs, and the date of the Final Fairness Hearing, as defined below. Defendants do not and shall not take any position on the proposed

Plan of Allocation or the application for Lead Counsel's Fee and Expense Award and the Award to Plaintiffs.

3.3. Lead Counsel shall request that the Preliminary Approval Order set forth a date on which the Court will hold a hearing (the "Final Fairness Hearing") during which Lead Counsel will request that the Court finally approve the Settlement of the Action as set forth herein.

3.4. At the Final Fairness Hearing, the Parties shall jointly request entry of the Final Judgment in all material respects in the form set forth in Exhibit B, dismissing the Action with prejudice.

3.5. At or after the Final Fairness Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation, Lead Counsel's Fee and Expense Award, and the Award to Plaintiffs.

**4. Releases and Bar Order**

4.1. Upon the Effective Date, Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and each of their respective personal representatives, Immediate Family, trustees, heirs, executors, administrators, parent entities, associates, affiliates, predecessors, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, and regardless of whether any such Plaintiff or Settlement Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Net Settlement Fund, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, or assisting any Person in instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting any Released Claim against any of the Released Persons, *provided*, *however*, that nothing herein shall bar Plaintiffs

from bringing any action or claim to enforce the terms of the Settlement or the Final Judgment entered pursuant thereto.

4.2. Upon the Effective Date, Defendants, on behalf of themselves, their heirs, executors, predecessors, successors and assigns, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Plaintiffs, Settlement Class Members and Lead Counsel from all Claims which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Action (the "Defendants' Released Claims"), and shall be permanently enjoined from prosecuting the Defendants' Released Claims against the Plaintiffs, Settlement Class Members and Lead Counsel. Nothing contained herein shall, however, bar the Defendants or any Released Party from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

**5. Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Net Settlement Fund**

5.1. The Claims Administrator, subject to such supervision and direction of the Court or Lead Counsel as may be necessary or as circumstances may require, shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants pursuant to the Plan of Allocation. The Released Persons shall not have any role in, or responsibility or liability to any Person, including without limitation, the Settlement Class Members, for the administration of the Settlement or the solicitation, review or evaluation of Proofs of Claim, nor shall any discovery be taken of Defendants in connection with such matters.

5.2. To assist in dissemination of notice, Defendants will cooperate in obtaining from the Company's transfer records, information concerning the identity of Settlement Class Members, including any names and addresses of Settlement Class Members and nominees or custodians that exists in such transfer records

("Settlement Class Information"). Defendants shall provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Plaintiffs, within fourteen (14) calendar days after the Court signs an order preliminarily approving the Settlement, transfer records in electronic searchable form, such as Excel, containing the Settlement Class Information. The Parties acknowledge that any information provided to Lead Counsel by Defendants pursuant to this Paragraph shall be treated as confidential and will be used by Lead Counsel solely to deliver the Notice and/or implement the Settlement, including the Plan of Allocation.

5.3. Following entry of the Preliminary Approval Order, and without further order of the Court, Lead Counsel may expend from the Gross Settlement Fund (a) up to One Hundred Thousand Dollars ($100,000.00) to pay Notice and Administration Expenses actually incurred. After the Effective Date, additional amounts, up to One Hundred Thousand Dollars ($100,000.00), may be transferred from the Gross Settlement Fund to pay for any necessary additional Notice and Administration Expenses without further order of the Court, as long as such expenses are disclosed in Plaintiffs' motion for a Distribution Order as defined in Paragraph 5.4(g) below; and (b) amounts necessary to pay Taxes and Tax Expenses.

5.4. Following the Effective Date, in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Claims Administrator shall disburse the Net Settlement Fund, under Lead Counsel's supervision, subject to and in accordance with the following:

(a) Each Settlement Class Member who wishes to participate in the distributions from the Net Settlement Fund must return a signed Proof of Claim, supported by such documents as are designated therein, including proof of the claimant's loss. A sample Proof of Claim proposed by the Parties is attached hereto as Exhibit A-3. The address to which the Proof of Claim must be mailed shall be set forth on the Proof of Claim itself and shall also be printed in the Notice. If sent by

first-class mail, such Proof of Claim must be postmarked no later than a date set forth in the Notice (unless that date is extended by order of the Court). If sent by any manner other than by first-class mail, the Proof of Claim must actually be received by the Claims Administrator by the date set forth in the Notice (unless that date is extended by order of the Court).

(b) The Proof of Claim must be sworn to under oath or made subject to the penalties of perjury pursuant to 28 U.S.C. § 1746.

(c) The validity of each claim submitted will be initially determined by the Claims Administrator, acting under Lead Counsel's supervision as necessary, in accordance with the Plan of Allocation approved by the Court. In the event a Settlement Class Member disagrees with such determination, the dispute shall be submitted to the Court for summary resolution. Each Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to that Settlement Class Member's claim against the Net Settlement Fund.

(d) All proceedings with respect to the administration of the Gross Settlement Fund and Net Settlement Fund, and the administration, processing and determination of Settlement Class Members' claim requests, and the determination of all controversies related thereto, including disputed questions of law and fact with respect to the validity of any Proof of Claim or regarding rejection of any claims submitted, shall remain under the jurisdiction of the Court and shall be governed by, and construed in accordance with, the laws of the State of California without regard to choice or conflicts-of-laws principles.

(e) Except as otherwise ordered by the Court, any Settlement Class Member who fails to timely return a properly completed and signed Proof of Claim consistent with the procedures set forth in the Notice shall be forever barred from receiving a distribution from the Net Settlement Fund, but shall nevertheless be bound by and subject to this Stipulation, the Final Judgment, and all proceedings, rulings, orders, and judgments in this Action, including, without limitation, the

release of the Released Claims and the dismissal with prejudice of this Action. Notwithstanding the foregoing, Lead Counsel, may accept for processing late claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

(f) The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with a Plan of Allocation to be described in the Notice mailed to Settlement Class Members and approved by the Court. The Released Persons shall have neither the right nor the duty to participate in the determination of how the Net Settlement Fund is distributed to the Settlement Class.

(g) Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for an order approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the submitted Proofs of Claim and approving any Notice and Administration Expenses (including but not limited to the fees and expenses of the Claims Administrator) or Taxes and Tax Expenses not previously applied for and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants in accordance with the Plan of Allocation and the Claims Administrator's determinations ("Distribution Order").

(h) This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to Defendants or their insurers. Neither Defendants nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith. No Person shall have any claims against Lead Counsel, the Claims Administrator or any other agent designated by Lead Counsel based on distribution determinations or claim rejections made substantially in

accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court. Lead Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

(i) It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation. Any order or proceedings relating to the Plan of Allocation, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, or any appeal from any order relating to the Plan of Allocation or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment, or any other orders entered pursuant to this Stipulation.

(j) If any funds remain in the Net Settlement Fund by reason of uncashed checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be re-distributed, after payment of any unpaid costs or fees incurred in administering the Net Settlement Fund for such redistribution, to Settlement Class Members who have cashed their checks and who would receive at least $10.00 from such re-distribution. If any funds shall remain in the Net Settlement Fund six months after such re-distribution, then such balance shall be contributed to a non-sectarian charity or any not-for-profit successor of it chosen by Lead Counsel.

5.5. No Person shall have any claim against any of the Released Persons with respect to (i) any act, omission or determination of Lead Counsel, the

Escrow Agent, the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement, the implementation of the Plan of Allocation or otherwise; (ii) the management, investment or distribution of the Gross Settlement Fund; (iii) the determination, administration, calculation, claim rejection or payment of any claims asserted against the Gross Settlement Fund; (iv) any losses suffered by, or fluctuations in the value of, the Gross Settlement Fund; or (v) the payment or withholding of any Taxes or Tax Expenses incurred in connection with the taxation of the Gross Settlement Fund or the filing of any returns.

**6. Lead Counsel's Attorneys' Fees and Expenses**

6.1. Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to Lead Counsel from the Gross Settlement Fund for: (a) an award of attorneys' fees not to exceed 25% of the Settlement Amount; and (b) the reimbursement of reasonable expenses incurred in connection with prosecuting the Action (including, but not limited to the fees and expenses of experts and consultants), plus any interest on such attorneys' fees and expenses at the same rate as earned by the Gross Settlement Fund from the date the Court orders such award until the date paid ("Fee and Expense Award"). In addition, Lead Counsel may submit a request for reimbursement to Plaintiffs for reasonable costs and expenses (including lost wages) directly related to its representation of the Settlement Class in this Action ("Award to Plaintiffs") in an amount not to exceed $5,000 each, for a total of $15,000. Lead Counsel reserves the right to make additional applications to the Court for counsel's fees and expenses incurred subsequent to the initial Fee and Expense Application, to be paid solely from the Gross Settlement Fund. Defendants do not and shall not take any position as to Lead Counsel's request for attorneys' fees and expenses and/or Lead Counsel's request for the Award to Plaintiffs.

6.2. The Fee and Expense Award and the Award to Plaintiffs shall be payable to Lead Counsel, from the Gross Settlement Fund on the first business day after entry of the Court's order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to appropriate undertakings by Lead Counsel to repay those amounts to the Gross Settlement Fund if such awards are reduced or reversed in whole or in part on appeal or further review. Lead Counsel may allocate the Fee and Expense Award among other plaintiffs' counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and

resolution of the Action. If, and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack or otherwise, the Fee and Expense Award or Award to Plaintiffs is overturned or reduced, or if the Settlement is terminated, not approved by the Court, or otherwise does not become Final and binding upon the Settlement Class for any reason, then, within ten (10) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction of such event, Lead Counsel shall refund to the Gross Settlement Fund, in an amount consistent with such reversal or modification, the Fee and Expense Award paid to them and the Award to Plaintiffs, and in addition shall pay into the Gross Settlement Fund interest on the total amount refunded at the same rate as earned on the Gross Settlement Fund from the time of payment of the Fee and Expense Award and/or the Award to Plaintiffs, whichever is applicable, until the date of refund, in an amount consistent with such reversal or modification. Lead Counsel receiving fees and expenses, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3. The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application by Lead Counsel or any Award to Plaintiffs are not part of the Settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation; and any order, proceeding or dispute relating to any Fee and Expense Application, the Fee and Expense Award, or the Award to Plaintiffs, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation or the Settlement or affect or delay the finality of the Final Judgment approving the Settlement. None of the Parties may terminate or cancel

the Settlement on the basis of the amount of any Fee and Expense Award or Award to Plaintiffs.

6.4. The Released Persons and their counsel shall have no responsibility for, and no liability whatsoever with respect to (a) any payment from the Gross Settlement Fund of any type or nature whatsoever, including attorneys' fees and expenses paid to any counsel for Plaintiffs or the Settlement Class or any amounts paid to Plaintiffs; and (b) the allocation among Lead Counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

**7. Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1. The Effective Date of the Stipulation, and the Settlement incorporated therein, shall be the date on which all of the following conditions of settlement shall have occurred:

(a) deposit of the Settlement Amount into the Escrow Account in accordance with Paragraph 2.1;

(b) final approval by the Court of the Settlement, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(c) entry by the Court of the Final Judgment in all material respects in the form set forth in Exhibit B, and the Final Judgment becoming Final, or, in the event that the Court enters a judgment in a form other than that provided above ("Alternative Judgment") and neither Plaintiffs on the one hand, nor the Defendants on the other, elect to terminate this Settlement, the date that such Alternative Judgment becomes Final; and

(d) if the circumstances described in Paragraphs 7.3, 7.4 or 7.5 occur, the expiration of the time for Plaintiffs on the one hand, or the Defendants on

the other, to exercise the termination rights provided in the applicable paragraph(s) without the termination rights being exercised.

7.2. The terms and provisions of this Stipulation may be amended, modified, or expanded only by written agreement of the Parties and approval of the Court; provided, however, that after entry of the Final Judgment (or any applicable Alternative Judgment), the parties thereto may by unanimous written agreement effect such amendments, modifications or expansions of this Stipulation and its implementing documents (including all exhibits to the Stipulation) without notice to or approval by the Court if (a) such changes are not materially inconsistent with the Court's Final Judgment; and (b) do not materially limit the rights of Settlement Class Members or the Released Persons under the Stipulation.

7.3. Plaintiffs and the Defendants shall, in each of their separate discretions, have the right to terminate the Settlement, and thereby this Stipulation, by providing written notice of their election to do so ("Termination Notice") to all other Parties hereto within thirty (30) calendar days of:

(a) the Court's declining to enter the Preliminary Approval Order in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it;

(b) the Court refusing to approve the Settlement as set forth in this Stipulation in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it;

(c) the Court's declining to enter the Final Judgment in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it;

(d) the date upon which the Final Judgment is modified or reversed by the Court, the Ninth Circuit Court of Appeals or the U.S. Supreme Court in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it; or

(e) the date upon which an Alternative Judgment is modified or reversed by the Court, the Ninth Circuit Court of Appeals or the Supreme Court in any respect that the terminating Party reasonably and in good faith believes is materially adverse to it.

7.4. Plaintiffs shall also have the right to terminate this Settlement if the Settlement Amount is not paid into the Escrow Account in accordance with Paragraph 2.1 of this Stipulation, subject to the right to cure any failure to pay within five (5) business days of Defendants' Counsel receiving a written notice of deficiency from Lead Counsel. Defendants may not terminate the Settlement on the ground that some or all of the Settlement Amount is unpaid.

7.5. The Settlement may be terminated at the option and in the sole discretion of the Defendants in the event that Class Members who, during the Class Period, purchased Ampio common stock timely and validly request exclusion from the Class and the Termination Threshold, as such term is defined in a separate letter from Defendants' Counsel to Lead Counsel countersigned simultaneously herewith ("Supplemental Agreement"), is met. The Supplemental Agreement shall not be filed with the Court unless and until a dispute among the parties to the Supplemental Agreement concerning its interpretation or application arises, in which case those parties shall seek to file it with the Court under seal.

7.6. In the absence of any of the events enumerated in Subparagraphs 7.3, 7.4 or 7.5, no Party shall have the right to terminate the Stipulation for any reason.

7.7. If the Settlement is terminated by Plaintiffs or Defendants (a "Termination"): (a) the Settlement shall be without force and effect upon the rights of the Parties, and none of its terms (other than this paragraph and Paragraph 8.4) shall be effective or enforceable; (b) the Parties shall revert to their litigation positions immediately prior to the date on which this Stipulation was fully executed and no claims, rights or defenses, whether legal or equitable, of any of the Parties

hereto that existed prior to executing this Stipulation shall be diminished or prejudiced in any way; and (c) within ten (10) business days from the date of such Termination, Plaintiffs shall return (or cause to be returned) to Defendants' insurers the Gross Settlement Fund, less (a) any Notice and Administration Expenses that were reasonably and actually incurred and paid or payable from the Gross Settlement Fund as of the date of the Termination and (b) any Taxes and Tax Expenses actually incurred and paid or payable as of the date of the Termination. The amount returned to Defendants' insurers in the event of Termination shall include any Fee and Expense Award or Award to Plaintiffs paid or payable to Lead Counsel. In event of Termination, at the request of Defendants or their insurers, the Escrow Agent or their designee shall apply for any tax refund owed on the Gross Settlement Fund and pay the proceeds, after deduction of any fees and expenses incurred in connection with such application for refund, to Defendants' insurers pursuant to written instructions from Defendants' Counsel.

7.8. Upon the Effective Date, any and all remaining interest or right of Defendants or their insurers in or to the Gross Settlement Fund, if any, shall be absolutely and forever extinguished.

**8. Miscellaneous Provisions**

8.1. The Parties: (a) acknowledge that it is their intent to consummate the Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation. To the extent the Parties are unable to reach agreement concerning such best efforts, any Party may refer the matter to Mediator Michelle Yoshida (the "Mediator") for mediated resolution, subject to Court approval, with the fees and expenses of the Mediator to be divided equally between Plaintiffs on the one hand, and the Defendants on the other.

8.2. The Parties intend this Settlement to be a final and complete resolution of all disputes between them. The Settlement compromises claims which are contested and shall not be deemed an admission by any Party as to the merits of any claim or defense.

8.3. While Defendants deny that the claims advanced in the Action were meritorious, they will not assert in any public statement that the Action was not filed in good faith and/or is not being settled voluntarily after consultation with competent legal counsel. The Final Judgment will contain a finding that, during the course of the Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11. The Parties agree that the amount paid to the Gross Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Parties and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel and with the assistance of the Mediator. The Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Action was brought or defended in bad faith or without a reasonable basis.

8.4. This Stipulation, whether or not it is consummated and whether or not it is terminated, any of its provisions, any negotiations, proceedings or agreements relating to the Stipulation and the Settlement, all matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of this Stipulation:

(a) shall not be offered or received against any of the Defendants as evidence of a presumption, concession, or admission of any kind;

(b) shall not be offered or received against any of the Defendants as evidence of an admission by any of those Defendants with respect to the truth of any fact alleged in the Complaint or the validity of any Released Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Defendants;

Case 2:15-cv-03474-TJH-PJW Document 78-1 Filed 02/28/17 Page 30 of 34 Page ID #:1128

(c) shall not be offered or received against the Defendants as evidence of any fault, misrepresentation, omission or other actionable conduct with respect to any statement or written document approved or made by any of the Defendants;

(d) shall not be offered or received against the Defendants as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Released Persons may refer to it to effectuate the release of Released Claims and other liability protections granted them hereunder;

(e) shall not be construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

(f) shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the Settlement Class Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount; and

(g) shall not, in the event of a Termination, be used by any Party for any purpose in any trial in this Action.

Any Party may file or introduce this Stipulation and/or the Final Judgment in any action or proceeding that may be brought to enforce the terms of this Stipulation and/or the Final Judgment, or any action or proceeding related to rights or claims of Defendants relating to indemnification and/or advancement in connection with this Action.

8.5. The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest. The Parties reserve the right, upon the agreement of all of them and subject to the Court's approval, to make any reasonable extensions of time or modifications to the Exhibits that might be necessary to carry out any of the provisions of this Stipulation.

8.6. The Stipulation, including its Exhibits and Supplemental Agreement, constitutes the entire agreement among the parties hereto and no representations, warranties, or inducements have been made to any party concerning the Stipulation other than the representations, warranties, and covenants contained and memorialized in such documents. Any and all prior or contemporaneous discussions, negotiations, agreements, commitments, and understandings related thereto are superseded hereby. It is understood by the Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Stipulation is entered into may turn out to be other than, or different from, the facts now known to each party or believed by such party to be true; each party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Stipulation shall be in all respects effective and not subject to termination by reason of any such different facts or law. Except as otherwise provided herein, each Party shall bear its own costs.

8.7. Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Settlement Class which they deem appropriate. Plaintiffs and Lead Counsel represent and warrant that none of Plaintiffs' claims or causes of action referred to herein or that could have been alleged in the Action has been assigned, encumbered, or in any manner transferred in whole or in part.

8.8. Each counsel or other Person executing the Stipulation and any documents prepared in furtherance of the Stipulation on behalf of any party hereto, hereby warrants that such Person has the full authority to do so.

8.9. The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of executed counterparts shall be filed with the Court. The Parties agree that facsimile or scanned signatures shall have the same force and effect as original signatures.

8.10. The Stipulation shall be binding upon, and inure to the benefit of, the heirs, executors, administrators, trustees, successors and assigns of the Parties, including any corporation or other entity into or with which any party merges, consolidates, or reorganizes.

8.11. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties and their counsel hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

8.12. Nothing in this Stipulation, Settlement, or the negotiations or proceedings relating to the foregoing is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the accountants' privilege, the attorney-client privilege, the joint defense privilege, or the work-product privilege, and all information transmitted between Lead Counsel and Defendants' Counsel in connection with this Settlement shall be inadmissible in any proceeding in any federal or state court or other tribunal or otherwise, in accordance with Rule 408 of the Federal Rules of Evidence as if such Rule applied in all respects in any such proceeding or tribunal.

8.13. This Stipulation and the Settlement contemplated by it, and all disputes arising out of or relating to the Stipulation and Settlement shall be construed and enforced in accordance with, and governed by, the substantive laws

and procedural rules of the State of California without giving effect to conflicts of law principles, except to the extent that federal law requires that federal law governs. Any dispute relating to this Stipulation or the Settlement shall be brought exclusively in the U.S. District Court for the Central District of California.

8.14. This Stipulation should not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that the Stipulation is the result of arm's length negotiations between the Parties, and all Parties have contributed substantially and materially to the preparation of the Stipulation.

8.15. All agreements by, between or among the Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated.

8.16. Any written notice required pursuant to or in connection with this Stipulation shall be addressed to the Parties' counsel as designated and identified below, and sent by both email and overnight mail.

8.17. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

8.18. The captions contained in this Stipulation are inserted only as a matter of convenience and in no way define, limit, extend or describe the scope of the Stipulation or the intent of any provision.

8.19. All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

IN WITNESS WHEREOF, the parties hereto have caused this Stipulation to

be executed, by their duly authorized attorneys as of the date set forth below.

Dated: January 31, 2017

By: /s/Laurence M. Rosen
Laurence M. Rosen, Esq. (SBN 219683)
*lrosen@rosenlegal.com*
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Tel: (213) 785-2610
Fax: (213) 226-4684

Phillip Kim (*pro hac vice*)
*pkim@rosenlegal.com*
**THE ROSEN LAW FIRM, P.A.**
275 Madison Avenue, 34th Floor
Tel.: (212) 686-1060
Fax: (212) 202-3827

*Lead Counsel for Lead Plaintiff The Harr Family and Plaintiff Thomas DiLorenzo*

Dated: January 31, 2017

By: /s/ Deborah S. Birnbach
Lloyd Winawer (SBN 157823)
*lwinawer@goodwinlaw.com*
Nicole L. Chessari (SBN 259970)
*nchessari@goodwinlaw.com*
**GOODWIN PROCTER LLP**
135 Commonwealth Drive
Menlo Park, CA 94025
Tel: (650) 752-3100
Fax: (650) 853-1038

Deborah S. Birnbach (*pro hac vice*)
*dbirnbach@goodwinlaw.com*
**GOODWIN PROCTER LLP**
100 Northern Avenue
Boston, Massachusetts 02210
Tel: (617) 570-1000
Fax: (617) 523-1231

*Attorneys for All Defendants*

# EXHIBIT A

Exhibit A

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ERIC HARR, BRYAN HARR, THOMAS DILORENZO, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMPIO PHARMACEUTICALS, INC., MICHAEL MACALUSO, MARK D. MCGREGOR, GREGORY A. GOULD, VAUGHAN L. CLIFT,<br><br>Defendants. | Case No. 2:15-cv-03474-TJH-PJW<br>(Consolidated with 2:15-cv-03640)<br><br>**<u>CLASS ACTION</u>**<br><br>**[PROPOSED] PRELIMINARY APPROVAL ORDER**<br><br>Judge: Judge Terry J. Hatter, Jr.<br>Courtroom: 9B – First Street<br>Action Filed: May 8, 2015 |

**PRESENTED TO THE COURT FOR PRELIMINARY APPROVAL IS A SETTLEMENT OF ALL CLAIMS ASSERTED AGAINST ALL DEFENDANTS IN THE ABOVE-CAPTIONED ACTION. THE TERMS OF THE SETTLEMENT ARE SET OUT IN A STIPULATION OF SETTLEMENT ("STIPULATION") EXECUTED BY COUNSEL FOR THE PARTIES AS OF JANUARY 31, 2017 AND FILED WITH THE COURT ON FEBRUARY 28, 2017. ALL CAPITALIZED TERMS USED HEREIN HAVE THE MEANINGS SET FORTH AND DEFINED IN THE STIPULATION.**

The Court, upon reviewing the Stipulation to determine, among other things, whether the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant the issuance of notice of the proposed Settlement to the members of the Settlement Class, declares that it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. Jurisdiction. The Court has jurisdiction over the subject matter of this Action, the Settlement, and over the Parties including by way of illustration and not limitation, any dispute concerning any Proof of Claim filed by any Settlement Class Member and any future requests by one or more of the Settling Parties that the Final Order and Judgment, the Release and/or the permanent injunction set forth in the Stipulation be enforced.

2. Preliminary Findings Concerning Proposed Settlement. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; (iv) not improperly granting preferential treatment to Lead Plaintiff The Harr Family, comprised of Eric and Bryan Harr ("Lead Plaintiff") and Plaintiff Thomas DiLorenzo (together with Lead Plaintiff, the "Plaintiffs") or any segments of the Settlement Class; and (v) warranting notice of the proposed Settlement to

Settlement Class Members and further consideration of the Settlement at the fairness hearing described below.

3. <u>Final Fairness Hearing.</u> A hearing (the "Final Fairness Hearing") will be held on ________________, 2017 at __:__ __.m. before the Honorable Terry J. Hatter, Jr. in Courtroom 9B of the United States District Court for the Central District of California, First Street Federal Courthouse, 350 W. 1st Street, 9th Floor, Los Angeles, CA 90012, to determine, among other things: (a) whether the proposed Settlement of the Action on the terms and conditions provided in the Stipulation is fair, reasonable, and adequate and should be approved by the Court; (b) whether the proposed Plan of Allocation of the Net Settlement Fund is fair and reasonable and should be approved by the Court; (c) whether a Final Judgment and Order of Dismissal with Prejudice substantially in the form of Exhibit B to the Stipulation should be entered in this Action; (d) to consider Lead Counsel's application for an award of fees and expenses; (e) to consider any Settlement Class Members' objections submitted in accordance with the Notice; and (f) to rule upon such other matters as the Court may deem appropriate.

4. <u>Final Papers</u>. Any papers in support of final approval of the Settlement, approval of the Plan of Allocation, and Lead Counsel's application for a Fee and Expense Award shall be filed with the Court no later than thirty-five (35) days before the Final Fairness Hearing.

5. <u>Certification of Settlement Class</u>. For purposes of settling this lawsuit, the Court certifies the following Settlement Class pending final approval of the settlement: All Persons who purchased the common stock of Ampio during the period from and including January 13, 2014 to August 21, 2014, including those who purchased Ampio common stock pursuant and/or traceable to Ampio's secondary public offering on or about February 28, 2014 (the "Settlement Class"). Excluded from the Settlement Class are Defendants, the present and former officers and directors of Ampio, members of the Immediate Family of any Individual

Defendant and the legal representatives, heirs, successors and assigns of any of the foregoing, as well as any entity in which Defendants have or had a controlling interest.

6. Plaintiffs and Lead Counsel. Solely for purposes of the Settlement, the Court appoints Plaintiffs as the class representatives pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, and Lead Counsel is appointed as class counsel. Lead Counsel has the authority to enter into the Stipulation on behalf of the Settlement Class and is authorized to act on behalf of the Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

7. Notice. The Court approves the form, substance, and requirements of the Notice and Summary Notice (together, the "Notices") annexed to the Stipulation as Exhibits A-1 and A-2, respectively, and finds that the procedures established for publication, mailing and distribution of the Notices substantially in the manner and form set forth in paragraph 8 of this Order (a) constitute the best notice to Settlement Class Members practicable under the circumstances, (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Stipulation and of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class, (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice, and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, the Rules of this Court, and any other applicable law. No Settlement Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

8. Retention of Claims Administrator and Manner of Notice. Lead Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure and the processing of claims under the supervision of Lead Counsel as more fully set forth below:

(a) Not later than eighteen (18) days after entry of this Order by this Court (the "Notice Date"), the Claims Administrator shall cause the Notice, substantially in the form attached to the Stipulation as Exhibit A-1, to be sent to each Settlement Class Member who can be identified by reasonable effort. Such notice shall be sent by first-class mail, postage prepaid, to the Settlement Class Member's last known address.

(b) Not later than seven (7) days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached to the Stipulation as Exhibit A-2, to be published on at least one occasion in *Investor's Business Daily* and online on *GlobeNewswire*.

(c) Not later than twenty-eight (28) days before the Final Fairness Hearing, Lead Counsel shall file with the Court one or more affidavits or declarations showing timely compliance with the foregoing mailing and publication requirements.

9. Nominee Purchasers. Banks, brokerage firms, institutions, and other Persons who are nominees who purchased the common stock of Ampio for the beneficial interest of other Persons during the Settlement Class Period ("Nominee Purchasers"), shall within ten (10) calendar days of receipt thereof (a) provide to the Claims Administrator the name and last known address of each Person for whom they purchased Ampio common stock during such the Settlement Class Period or (b) request additional copies of this Notice and the Proof of Claim, which will be provided to them, and within ten (10) calendar days mail the Notice and Proof of Claim directly to the beneficial owners of Ampio common stock. If Nominee Purchasers choose to follow alternative procedure (b), upon such mailing, they must

send a statement to the Claims Administrator confirming that the mailing was made as directed and retain the names and addresses for any future mailings to Settlement Class Members. If requested and upon appropriate supporting documentation, Lead Counsel and/or the Claims Administrator are authorized to reimburse Nominee Purchasers solely for their reasonable out-of-pocket postage and expenses (not to exceed $.75 per unit under alternative procedure (b)) incurred in providing the Notice and the Proof of Claim to beneficial owners who are Settlement Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such Notice and Proof of Claim, subject to further order of this Court with respect to any dispute concerning such compensation.

10. CAFA Notice. Not later than ten (10) days after the Stipulation was filed in this Court, Defendants shall provide the notice of the proposed Settlement to appropriate Federal and State officials required by the Class Action Fairness Act of 1995, 28 U.S.C. § 1715. Not later than thirty-five (35) days before the Final Fairness Hearing, Defendants shall file with the Court an affidavit or declaration showing timely compliance with this CAFA Notice directive.

11. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, a Settlement Class Member must take the following action and be subject to the following conditions:

(a) A properly completed and executed Proof of Claim must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than ninety (90) calendar days from the date of this Order. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other

manner shall be deemed to have been submitted when it was actually received by the Administrator at the address designated in the Notice.

(b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) Once the Claims Administrator has considered a timely-submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

(d) By submitting a Proof of Claim, Settlement Class Members submit to the jurisdiction of the Court with respect to the claim submitted.

No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of Proofs of Claim, nor shall any discovery from or of Defendants be allowed on any topic. No dispute regarding a Proof of Claim shall

affect or delay the entry or finality of the Final Judgment or an Alternative Judgment approving the Settlement.

12. Exclusions from the Settlement Class. Any potential Settlement Class Member who does not timely submit a valid written request for exclusion from the Settlement Class in accordance with the instructions in the Notice is a Settlement Class Member and shall be bound by all of the terms and conditions of the Stipulation, and by all proceedings, rulings, orders, and judgments in this Action. Requests for exclusion shall clearly indicate the name, mailing address, daytime telephone number, and e-mail address (if any) of the Settlement Class Member seeking exclusion, state that the sender specifically requests to be excluded from the Settlement Class in Harr v. Ampio Pharmaceuticals, Inc., et al., Case No. 2:15-cv-03474-TJH-PJW (C.D. Cal.), and must be signed by such Settlement Class Member. Such persons requesting exclusion are also required to specify in their request all their purchases and sales of Ampio common stock during the Settlement Class Period, including, for each purchase or sale, the date, number of shares and price of the shares purchased or sold. The request for exclusion shall not be effective unless it provides the required information, is legible, submitted by first-class mail postmarked no later than twenty-one (21) days before the Final Fairness Hearing or such other date as may be set by the Court, and filed and served on both Lead Counsel and Defendants' Counsel, or the exclusion is otherwise accepted by the Court. If a Settlement Class Member chooses to submit his, her, or its exclusion in a manner other than by first-class mail, then it must be actually received at the addresses set forth in the Notice no later than twenty-one (21) days before the Final Fairness Hearing or such other date as may be set by the Court. Lead Counsel may contact any person or entity filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion. Any Settlement Class Member who is excluded from the Settlement Class shall not be entitled to participate in any distributions from the Net Settlement Fund.

13. Objections to Settlement. Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Stipulation, or to the proposed awards of attorneys' fees and expenses, may file an objection. An objector must file with the Court a written statement of his, her or its objection(s): (a) clearly indicating that objector's name, mailing address, daytime telephone number, and e-mail address (if any); (b) stating that the objector is objecting to the proposed Settlement, Plan of Allocation, or awards of attorney's fees and expenses in Harr v. Ampio Pharmaceuticals, Inc., et al., Case No. 2:15-cv-03474-TJH-PJW (C.D. Cal.); (c) specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (d) identifying and supplying documentation showing purchases and sales of Ampio common stock by such objector during the Settlement Class Period. The objector must also mail the objection and all supporting documentation to Lead Counsel and Defendants' Counsel. The addresses for filing objections with the Court and service on counsel are as follows:

| | | |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Central District of California, Western Division<br>First Street Federal Courthouse<br>350 W. 1st Street<br>Los Angeles, CA 90012 | Laurence M. Rosen., Esq.<br>Phillip Kim, Esq.<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 34th Floor<br>New York, New York 10016<br><br>*Class Counsel* | Deborah S. Birnbach, Esq.<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA 02210<br><br>*Counsel for Defendants* |

The objector or his, her or its counsel (if any) must effect service of the objection upon the counsel listed above and file it with the Court so that it is received no later than twenty-one (21) days before the Final Fairness Hearing. A

Settlement Class Member may file an objection on his, her or its own or through an attorney hired at his, her or its own expense. If an objector hires an attorney to represent him, her or it for the purposes of making such objection pursuant to this paragraph, the attorney must effect service of a notice of appearance on the counsel listed above and file such notice with the Court no later than twenty-one (21) days before the Final Fairness Hearing. Any member of the Settlement Class or other Person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any submissions by the Parties in opposition or response to objections shall be filed with the Court no later than seven (7) days before the Final Fairness Hearing.

14. Appearance at Final Fairness Hearing. Any objector who files and serves a timely, written objection in accordance with the instructions above and herein, may appear at the Final Fairness Hearing either in person or through counsel retained at the objector's expense. Objectors need not attend the Final Fairness Hearing, however, in order to have their objections considered by the Court. Timely objectors or their attorneys intending to appear at the Final Fairness Hearing are required to indicate in their written objection (or in a separate writing submitted to the counsel listed in the preceding paragraph no later than twenty-one (21) days prior to the Final Fairness Hearing) that they intend to appear at the Final Fairness Hearing and identify any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Fairness Hearing. Objectors or their attorneys intending to appear at the Final Fairness Hearing must also, no later than twenty-one (21) days prior to the Final Fairness Hearing, file with the Court, and serve upon counsel listed in the above paragraph, a notice of intention to appear, setting forth the name and address of anyone intending to appear. Any objector who does not timely file and serve a notice of intention to appear in accordance with this

paragraph shall not be permitted to appear at the Final Fairness Hearing, except for good cause shown.

Settlement Class Members do not need to appear at the Final Fairness Hearing or take any other action to indicate their approval.

15. Service of Papers. Defendants' Counsel and Lead Counsel shall promptly furnish all Parties with copies of any and all objections, notices of intention to appear and requests for exclusion that come into their possession.

16. Fees and Expenses. All reasonable Notice and Administration Expenses incurred in identifying and notifying Settlement Class Members, as well as in administering the Settlement, shall be paid as set forth in the Stipulation. Following entry of this Order, Lead Counsel may expend from the Gross Settlement Fund up to $100,000.00 to pay Notice and Administration Expenses actually incurred. After the Effective Date, additional amounts, up to One Hundred Thousand Dollars ($100,000.00), may be transferred from the Gross Settlement Fund to pay for any necessary additional Notice and Administration Expenses without further order of the Court, as long as such expenses are disclosed in Plaintiffs' motion for a Distribution Order. In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Plaintiffs nor Lead Counsel shall have any obligation to repay the reasonable and necessary Notice and Administration Expenses actually incurred as of the date the Settlement is terminated (as such date is determined pursuant to the terms of the Stipulation). At or after the Final Fairness Hearing, the Court shall determine whether the Plan of Allocation and Lead Counsel's application for a Fee and Expense Award shall be approved. Neither Defendants nor Defendants' Counsel shall have any responsibility for any Plan of Allocation or any application for a Fee and Expense Award, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any orders or proceedings relating

to the Plan of Allocation or the Fee and Expense Award shall not affect or delay approval of the Settlement or the finality of the Final Judgment.

17. Bar on Litigating Settled Claims. Pending final determination of whether the Settlement should be approved, Plaintiffs and all other Settlement Class Members, and anyone who acts or purports to act on their behalf, shall not institute, prosecute, participate in, or assist in the institution, prosecution, or assertion of, any Released Claim against any of the Released Persons.

18. Termination of Settlement. This Order shall become null and void, and shall be without prejudice to the rights of the Parties if the Settlement is terminated in accordance with the Stipulation. In such event, paragraph 7.7 of the Stipulation shall govern the rights of the Parties.

19. Use of Order. This Order shall not be construed or used as an admission, concession, or presumption by or against any of the Released Persons of any fault, wrongdoing, breach, or liability or as a waiver by any Party of any arguments, defenses, or claims he, she, or it may have in the event that the Stipulation is terminated, nor shall it be used in any manner prohibited by paragraph 8.4 of the Stipulation. In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or presumption by or against the Released Persons, Plaintiffs or the Settlement Class.

20. Stay. All proceedings in this Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Order. This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

21. Continuance of Hearing. The Court reserves the right to continue or adjourn the Final Fairness Hearing from time to time without further notice to the Settlement Class. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the

Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

SO ORDERED this ____ day of ______, 2017.

____________________________________
The Honorable Terry J. Hatter, Jr.
United States District Court Judge

# EXHIBIT A-1

Exhibit A-1

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ERIC HARR, BRYAN HARR, THOMAS DILORENZO, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMPIO PHARMACEUTICALS, INC., MICHAEL MACALUSO, MARK D. MCGREGOR, GREGORY A. GOULD, VAUGHAN L. CLIFT,<br><br>Defendants. | Case No. 2:15-cv-03474-TJH-PJW<br>(Consolidated with 2:15-cv-03640) |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT**
**<u>OF CLASS ACTION AND FAIRNESS HEARING</u>**

**If you purchased the common stock of Ampio Pharmaceuticals, Inc. ("Ampio") during the period January 13, 2014 through and including August 21, 2014 (the "Settlement Class Period"), including by purchasing Ampio common stock pursuant and/or traceable to Ampio's secondary public offering on or about February 28, 2014, you might be entitled to a payment from a class action settlement (the "Settlement") as described in fuller detail in the Stipulation of Settlement dated January 31, 2017 (the "Stipulation"). Unless indicated otherwise, capitalized terms used herein have the same meaning as set forth and defined in the Stipulation.**

***A Federal Court authorized this Notice. This is not a solicitation from a lawyer.***

The purpose of this Notice is to inform you of (a) the pendency of this class action (the "Action"), (b) the proposed settlement of the Action (the "Settlement"), and (c) the hearing to be held by the Court (the "Fairness Hearing") to consider (i) whether the Settlement should be approved, (ii) the application of Lead Counsel for attorneys' fees and expenses, and (iii) certain other matters. This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement or wish to be excluded from the Settlement Class.

- The Settlement provides a total recovery of Three Million Four Hundred Thousand Dollars ($3,400,000.00) in cash for the benefit of the Settlement Class described herein.

- The Settlement resolves a lawsuit alleging that Ampio and the individual defendants listed in the above caption (collectively "Defendants") violated federal securities laws by misrepresenting and/or omitting information regarding the STEP Study for Ampion – a biologic in development by Ampio intended to alleviate osteoarthritis in the knee – claims that Defendants deny.

- **Your legal rights will be affected by this Action and this Settlement whether you act or do not act. Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | You will get no payment. This is the only option that allows you to ever bring or maintain your own lawsuit against the Defendants and the other Released Persons, or to be part of another lawsuit, concerning the Released Claims. |
| **OBJECT** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the Settlement. |
| **DO NOTHING** | You will get no payment, and you will give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to all Settlement Class Members who timely submit a valid proof of claim form, if the Court approves the Settlement and after all proof of claim forms have been reviewed and processed, and any appeals are resolved. Please be patient.

## SUMMARY NOTICE

Statement of Plaintiff Recovery

Lead Plaintiff The Harr Family, comprised of Eric and Bryan Harr, and Plaintiff Thomas DiLorenzo (collectively, "Plaintiffs"), on behalf of themselves and the Settlement Class have entered into a proposed Settlement with all Defendants that, if approved by the Court, will resolve this Action in its entirety.

A settlement fund of $3,400,000.00 in cash, plus interest ("Gross Settlement Fund"), is being established for the benefit of the Settlement Class described herein.

The estimated average recovery per allegedly damaged share of Ampio common stock under the Settlement is $0.117 for the approximately 29 million shares of Ampio common stock allegedly damaged during the Class Period. A share may have been traded more than once during the Class Period. This estimate solely reflects the average recovery per damaged share of Ampio common stock. The indicated average recovery per share will be the total average recovery for all purchases of that share. This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Ampio stock and the total number and amount of claims filed. If not all Settlement Class Members submit claims, your actual recovery could be more than the estimated average amount.

Lead Counsel will make an application to the Court for an award of attorneys' fees from the Gross Settlement Fund in connection with this Settlement. It is expected that the application will seek the sum of approximately $850,000, which constitutes approximately 25% of the Gross Settlement Fund, plus interest earned at the same rate as the Gross Settlement Fund.

The attorneys representing Plaintiffs and the Settlement Class have expended considerable time and effort in prosecuting this litigation on a contingent-fee basis, and have advanced all of the expenses of the litigation, with the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. In this type of litigation, it is customary for the plaintiff's counsel to be awarded a percentage of the common fund recovery as their attorneys' fees.

Lead Counsel will also apply for reimbursement of out-of-pocket costs and expenses incurred in prosecuting the Settlement Class' claims, including the fees of Plaintiffs' experts and consultants, for a total of no greater than $100,000, plus interest earned at the same rate as the Gross Settlement Fund. In addition, Plaintiffs will apply for an Award to Plaintiffs of no more than $15,000.00 ($5,000 each) for reimbursement for their reasonable costs and expenses (including lost wages) directly related to their representation of the Settlement Class.

If approved by the Court, these amounts will be paid from the Gross Settlement Fund. If the above amounts are requested and approved by the Court, the average cost per share of damaged common stock will be approximately $0.0332 per share, making the estimated recovery per damaged share after deduction of the requested attorneys' fees and expenses and Award to Plaintiff, $0.0839 per share.

The average recovery also assumes that all Settlement Class Members receive and cash their distribution checks. If not all Settlement Class Members cash their distribution checks and a second distribution becomes necessary, your actual recovery could be more than the estimated average amount. Additionally, a Settlement Class Member's actual recovery will be determined by the Plan of Allocation of the Net Settlement Fund described below, and will depend upon, among other things, when during the Settlement Class Period a Settlement Class Member purchased Ampio stock, and when and if such stock was sold. Under one or more of these

factors, individual Settlement Class Members could receive more or less than the estimated average per-share amount.

Statement of Potential Outcome of Case

Plaintiffs and Defendants disagree about both liability and damages and do not agree on the average amount of damages per share, if any, that would be recoverable if Plaintiffs were to have prevailed on each claim alleged. Among the many key issues about which Plaintiffs and Defendants disagree are: (i) whether Defendants violated the securities laws or otherwise engaged in any wrongdoing; (ii) the extent (if any) that the alleged misrepresentations and omissions influenced the trading prices of Ampio common stock during the Settlement Class Period; and (iii) the method for determining whether, and the extent to which (if any), purchasers of Ampio stock suffered injury and damages that could be recovered at trial.

Defendants deny that they are liable to the Plaintiffs or the Settlement Class and deny that Plaintiffs or the Settlement Class have suffered any recoverable damages whatsoever.

Inquiries

Please do not contact the Court regarding this Notice. All inquiries concerning this Notice, the Proof of Claim Form, or any other questions by Settlement Class Members should be directed to:

| | | |
|---|---|---|
| Ampio Pharmaceuticals, Inc. Litigation<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson Street, Ste. 3<br>Media, Pennsylvania 19063<br>Tel: 866-274-4004<br>Fax: 610-565-7985<br>info@strategicclaims.net | OR | Phillip Kim, Esq.<br>Laurence Rosen, Esq.<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue<br>34th Floor New York, NY 10016<br>Tel: 212-686-1060<br>Fax: 212-202-3827<br>info@rosenlegal.com |

Reasons for the Settlement

Plaintiffs, along with Lead Counsel, who has extensive experience in class action litigation, agreed to the Settlement after considering, among other things: (a) the substantial cash benefits to Settlement Class Members of the Settlement; (b) the desirability of consummating the Stipulation in order to provide certain and effective relief to Settlement Class Members at this juncture of the Action and without further delay; (c) the uncertainty of being able adequately to state a claim and ultimately prove the allegations in the Complaint; (d) Defendants' likely positions, expressed during the pendency of the litigation and also in connection with settlement negotiations, concerning the various liability, causation, and damages issues; (e) the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation (including any appeals); and (f) Plaintiffs' and Lead Counsel's belief

that the Settlement is fair, reasonable, and adequate and in the best interests of all Settlement Class Members.

For Defendants, who deny all allegations of wrongdoing or liability whatsoever, the principal reasons for entering into the Settlement are to bring to an end the substantial expenses, burdens, risks, and uncertainties associated with continued litigation of this Action; to finally put to rest those claims and the underlying matters; and to avoid further expense and disruption to the management and operation of the corporate Defendant's business due to the prosecution and defense of this Action.

WHAT THIS NOTICE CONTAINS

## TABLE OF CONTENTS

**Page**

BASIC INFORMATION ... 1

1. Why did I get this notice package? ... 1
2. What is this lawsuit about? ... 1
3. Why is this a class action? ... 1
4. Why is there a settlement? ... 2

WHO IS IN THE SETTLEMENT ... 3

5. How do I know if I am part of the Settlement? ... 3
6. Are there exceptions to being included? ... 3
7. What if I am still not sure if I am included? ... 3

THE SETTLEMENT BENEFITS — WHAT DOES THE SETTLEMENT PROVIDE? ... 4

8. What is the Settlement Fund? ... 4
9. How much will my payment be? ... 4

HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM ... 9

10. How can I get a payment? ... 9
11. When will I get my payment? ... 9
12. What am I giving up to get a payment or stay in the Settlement Class? ... 9

EXCLUDING YOURSELF FROM THE SETTLEMENT ... 10

13. How do I exclude myself from the proposed Settlement? ... 10
14. If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later? ... 10
15. If I exclude myself, can I get money from the proposed Settlement? ... 11

THE LAWYERS REPRESENTING YOU ... 11

16. Do I have a lawyer in this case? ... 11
17. How will the lawyers be paid? ... 11

OBJECTING TO THE SETTLEMENT ... 11

18. How do I tell the Court that I do not like the proposed Settlement? ... 11
19. What is the difference between objecting and excluding? ... 12

THE FINAL FAIRNESS HEARING .......... 13

20. When and where will the Court decide whether to approve the proposed Settlement? .......... 13

21. Do I have to come to the hearing? .......... 13

22. May I speak at the hearing? .......... 13

IF YOU DO NOTHING .......... 14

23. What happens if I do nothing at all? .......... 14

GETTING MORE INFORMATION .......... 14

24. Are there more details about the proposed Settlement? .......... 14

25. How do I get more information? .......... 14

## BASIC INFORMATION

| 1. Why did I get this notice package? |
|---|

The Court authorized this Notice to be sent to you because records show that between January 13, 2014 and August 21, 2014, you may have purchased Ampio common stock.

If this description applies to you, you have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows.

This Notice explains the lawsuit, the Settlement, Settlement Class Members' legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of this Action is the United States District Court for the Central District of California, in Los Angeles, California, and the case is known as Harr v. Ampio Pharmaceuticals, Inc., et. al., Case No. 2:15-cv-03474-TJH-PJW (C.D. Cal.). The Action is assigned to and overseen by the Honorable Terry J. Hatter, Jr., United States District Judge.

The individuals that are suing, namely Eric Harr and Bryan Harr (collectively "the Harr Family" or "Lead Plaintiff") and Thomas DiLorenzo, are called "Plaintiffs." The company and persons being sued, namely Ampio, Michael Macaluso, Mark D. McGregor, Gregory A. Gould and Vaughan L. Clift, are called the Defendants.

| 2. What is this lawsuit about? |
|---|

Plaintiffs claim that Defendants violated federal securities laws by misrepresenting and/or omitting information regarding the STEP Study for Ampion – a biologic in development by Ampio intended to alleviate osteoarthritis in the knee. The Complaint asserts unspecified damages and asserts claims against Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, and Sections 11 and 15 of the Securities Act of 1933. Defendants vigorously deny the allegations of wrongdoing and any liability whatsoever. The Court has made no decision regarding the merits of the claims.

| 3. Why is this a class action? |
|---|

In a class action, one or more persons or entities sue on behalf of people who have similar claims. All these people are referred to as a class, and each is a class member. Bringing a case, such as this one, as a class action allows the adjudication of many similar claims of persons and entities that might be economically too small to bring as individual actions. One court resolves

the issues for all Settlement Class Members at the same time, except for those who properly exclude themselves from the Settlement Class.

| 4. | Why is there a settlement? |
|---|---|

On May 8, 2015 and May 14, 2015, purported stockholders of the Company brought two putative class action lawsuits in the United States District Court for the Central District of California, titled Napoli v. Ampio Pharmaceuticals, Inc., et al., Case No. 2:15-cv-03474-TJH and Stein v. Ampio Pharmaceuticals, Inc., et al., Case No. 2:15-cv-03640-TJH. On December 10, 2015, the Court consolidated these cases into the instant action, now titled Harr v. Ampio Pharmaceuticals, Inc., et al., Case No. 2:15-cv-03474-TJH-PJW, appointed the Harr Family as lead plaintiff, and appointed Laurence Rosen, of The Rosen Law Firm, P.A., as lead counsel.

Plaintiffs filed a Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws on February 8, 2016 (the “CAC”) on behalf of purchasers of Ampio common stock between January 13, 2014 through August 21, 2014, inclusive (the “Settlement Class Period”), which named Ampio, Michael Macaluso, Mark D. McGregor, Gregory A. Gould, and Vaughan L. Clift as defendants.

On August 4, 2016, the Court issued an order granting Defendants’ motion to dismiss the CAC, with leave to amend. On or around August 16, 2016, the Parties conferred regarding the possibility of settlement and a mediation to facilitate resolution of the case. Pursuant to a stipulation, on September 6, 2016, the Court entered an Order to extend the date for Plaintiffs to file a second amended complaint until September 27, 2016, and to extend the date for Defendants to respond to that complaint until November 11, 2016.

On September 27, 2016, Plaintiffs filed their Second Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws (the “Complaint” or “SAC”), against the same Defendants on behalf of purchasers of Ampio common stock during the same Settlement Class Period. The SAC is the operative complaint in this Action and alleges that Defendants violated federal securities laws by misrepresenting and/or omitting information regarding the STEP Study for Ampion – a biologic in development by Ampio intended to alleviate osteoarthritis in the knee. The SAC seeks an unspecified amount of damages and asserts claims against Defendants under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder, and Sections 11 and 15 of the Securities Act of 1933.

On November 1, 2016, the Court entered an Order further extending the date for Defendants to respond to the Complaint until December 12, 2016. The Parties had requested such an extension in order to complete mediation.

On November 8, 2016, the parties participated in an all-day mediation session before Michelle Yoshida of Phillips ADR in which they laid out their current factual and legal positions in the case, and discussed the strengths and weaknesses of their positions. Prior to the mediation, the Parties exchanged mediation statements. Plaintiffs and Defendants reached an agreement-in-principle to settle this matter during the November 8, 2016 mediation. The Parties then negotiated and executed a Memorandum of Understanding, dated November 17, 2016, that

outlined and confirmed many of the material terms of the agreement. The Parties subsequently negotiated the terms of the Stipulation, which was filed with the Court on January31, 2017.

Thus, the Court did not finally decide in favor of Plaintiffs or Defendants, who continue to deny liability. Instead, both sides formally agreed to a settlement. By settling, the parties avoid the risks, uncertainty and additional costs of a trial, and the affected Settlement Class Members may receive compensation. Plaintiffs and Lead Counsel believe the Settlement is best for all Settlement Class Members.

## WHO IS IN THE SETTLEMENT

To see if you may get money from this Settlement, you first have to determine whether you are a Settlement Class Member.

### 5. How do I know if I am part of the Settlement?

The Court decided that everyone who fits this description is a Settlement Class Member:

**All Persons who purchased Ampio common stock during the period from and including January 13, 2014 to August 21, 2014, including those who purchased Ampio common stock pursuant and/or traceable to the Company's secondary public offering on or about February 28, 2014.**

If you are part of the Settlement Class, you are a Settlement Class Member and part of the Settlement unless one of the exceptions described in the answer to question 6 below apply to you.

### 6. Are there exceptions to being included?

Yes. You are not a Settlement Class Member if you are a Defendant in the Action; a member of the immediate family of any Individual Defendant, a present or former officer or director of Ampio, or the legal representative, heir, successor or assign of any of the foregoing, or you are an entity in which Defendants have or had a controlling interest.

Additionally, anyone who submits a valid and timely request for exclusion from the Settlement Class, in accordance with the procedures set forth in question 13, is not considered a Settlement Class Member and cannot participate in the Settlement.

### 7. What if I am still not sure if I am included?

If you are still not sure whether you are included in the Settlement, you can ask for free help. You can call the Claims Administrator, Strategic Claims Services, toll-free at 866-274-4004, send an e-mail to info@strategicclaims.net, or write to: Ampio Pharmaceuticals, Inc. Litigation,

c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Ste. 3, Media, Pennsylvania 19063.

## THE SETTLEMENT BENEFITS — WHAT DOES THE SETTLEMENT PROVIDE?

| 8. What is the Settlement Fund? |
|---|

In exchange for the Settlement and dismissal of the action, Defendants have agreed to create a Three Million Four Hundred Thousand Dollar ($3,400,000.00) settlement fund to be distributed, after various Court-approved fees and expenses, among all Settlement Class Members who submit valid claims.

| 9. How much will my payment be? |
|---|

You can calculate your recovery in accordance with the formulas shown below in the Plan of Allocation of the Net Settlement Fund. Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed; (ii) the dates you purchased and sold Ampio common stock; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of notice; (v) the amount awarded by the Court to Lead Counsel for attorneys' fees, costs, and expenses; and (vi) the awards to Plaintiffs.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's valid "Recognized Claim." The Recognized Claim formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

The Net Settlement Fund will be distributed to Class Members who submit valid, timely claim forms ("Authorized Claimants") under the below Plan of Allocation, which reflects Plaintiffs' contention that because of the alleged misrepresentations and omissions made by Defendants, the price of Ampio common stock was artificially inflated during the Settlement Class Period and that disclosures and materialization of the true facts caused changes in the inflated stock price.

The Recognized Claim, or compensable loss per share, of each Authorized Claimant shall be calculated according to the proposed Plan of Allocation of the Net Settlement Fund set forth below.

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Court may approve the Plan of Allocation with or

without modifications agreed to among the Parties, or another plan of allocation, without further notice to Settlement Class Members. Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim. **Please Note**: The Recognized Claim formula, set forth below, is not intended to be an estimate of the amount of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Claim. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Claim of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Claim bears to the total Recognized Claims of all Authorized Claimants (*i.e.*, "*pro rata* share"). Payment in this manner shall be deemed conclusive against all Authorized Claimants. No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any funds remain in the Net Settlement Fund by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set forth in the Notice; (ii) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit charitable organization(s) selected by Lead Counsel.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED CLAIM:

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants. Recognized Claims will be calculated as follows:

**(I) Recognized Claim Calculation for Common Stock Purchased (excluding Common Stock purchased pursuant and/or traceable to the Secondary Public Offering on or about February 28, 2014) during the Class Period:**

**1. For shares of common stock purchased between January 13, 2014 and August 20, 2014, inclusive:**

A. For shares retained at the end of trading on November 19, 2014[1] the Recognized Claim shall be the lesser of:

(1) $1.80 per share; or
(2) the difference between the purchase price per share and $3.78.[2]

B. For shares sold between January 13, 2014 and August 20, 2014, inclusive, the Recognized Claim shall be zero.

C. For shares sold on August 21, 2014, the Recognized Claim shall be the lesser of:

(1) $1.80 per share; or
(2) the difference between the purchase price per share and the sales price per share for each share sold.

D. For shares sold between August 22, 2014 and November 19, 2014, the Recognized Claim shall be the lesser of:

(1) $1.80 per share; or
(2) the difference between the purchase price per share and the average “90-Day Lookback Value” on the date of sale as provided in Table A below.

**2. For shares of common stock purchased on August 21, 2014, the Recognized Claims shall be zero.**

---

[1] This is the end of the 90 Day Lookback Period, as defined in footnote 2 below.

[2] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, “in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated.” $3.78 per share was the mean (average) daily closing trading price of Ampio common stock during the 90-day period beginning on August 22, 2014 and ending on November 19, 2014 (the “90 Day Lookback Period”).

Exhibit A-1

TABLE A

| Date | Closing Price | Average Closing Price | Date | Closing Price | Average Closing Price |
|---|---|---|---|---|---|
| 8/22/2014 | $4.84 | $4.84 | 10/8/2014 | $3.53 | $3.86 |
| 8/25/2014 | $5.07 | $4.96 | 10/9/2014 | $3.47 | $3.85 |
| 8/26/2014 | $4.87 | $4.93 | 10/10/2014 | $3.51 | $3.84 |
| 8/27/2014 | $4.80 | $4.90 | 10/13/2014 | $3.42 | $3.83 |
| 8/28/2014 | $4.63 | $4.84 | 10/14/2014 | $3.52 | $3.82 |
| 8/29/2014 | $4.69 | $4.82 | 10/15/2014 | $3.96 | $3.83 |
| 9/2/2014 | $4.50 | $4.77 | 10/16/2014 | $4.00 | $3.83 |
| 9/3/2014 | $4.24 | $4.71 | 10/17/2014 | $4.16 | $3.84 |
| 9/4/2014 | $3.94 | $4.62 | 10/20/2014 | $4.00 | $3.84 |
| 9/5/2014 | $3.86 | $4.54 | 10/21/2014 | $3.70 | $3.84 |
| 9/8/2014 | $3.69 | $4.47 | 10/22/2014 | $3.66 | $3.83 |
| 9/9/2014 | $3.57 | $4.39 | 10/23/2014 | $3.79 | $3.83 |
| 9/10/2014 | $3.52 | $4.32 | 10/24/2014 | $3.92 | $3.84 |
| 9/11/2014 | $3.76 | $4.28 | 10/27/2014 | $3.84 | $3.84 |
| 9/12/2014 | $3.60 | $4.24 | 10/28/2014 | $3.95 | $3.84 |
| 9/15/2014 | $3.65 | $4.20 | 10/29/2014 | $3.81 | $3.84 |
| 9/16/2014 | $3.65 | $4.17 | 10/30/2014 | $3.90 | $3.84 |
| 9/17/2014 | $3.60 | $4.14 | 10/31/2014 | $3.88 | $3.84 |
| 9/18/2014 | $3.44 | $4.10 | 11/3/2014 | $3.77 | $3.84 |
| 9/19/2014 | $3.48 | $4.07 | 11/4/2014 | $3.80 | $3.84 |
| 9/22/2014 | $3.33 | $4.03 | 11/5/2014 | $3.73 | $3.84 |
| 9/23/2014 | $3.58 | $4.01 | 11/6/2014 | $3.70 | $3.83 |
| 9/24/2014 | $3.59 | $4.00 | 11/7/2014 | $3.82 | $3.83 |
| 9/25/2014 | $3.46 | $3.97 | 11/10/2014 | $3.70 | $3.83 |
| 9/26/2014 | $3.35 | $3.95 | 11/11/2014 | $3.63 | $3.83 |
| 9/29/2014 | $3.72 | $3.94 | 11/12/2014 | $3.27 | $3.82 |
| 9/30/2014 | $3.53 | $3.92 | 11/13/2014 | $3.38 | $3.81 |
| 10/1/2014 | $3.56 | $3.91 | 11/14/2014 | $3.34 | $3.80 |
| 10/2/2014 | $3.94 | $3.91 | 11/17/2014 | $3.25 | $3.79 |
| 10/3/2014 | $3.63 | $3.90 | 11/18/2014 | $3.47 | $3.79 |
| 10/6/2014 | $3.43 | $3.89 | 11/19/2014 | $3.49 | $3.78 |
| 10/7/2014 | $3.44 | $3.87 | | | |

**(II) Calculation of Recognized Claim for Common Stock purchased pursuant and/or traceable to the Secondary Public Offering on or about February 28, 2014:**

For shares of Ampio Common Stock purchased pursuant and/or traceable to the Secondary Public Offering on or about February 28, 2014, the Recognized Claim shall be calculated as follows:

A. For shares sold between February 28, 2014 and August 20, 2014, inclusive, the Recognized Claim shall zero.

B. For shares sold between August 21, 2014 and May 7, 2015[3], inclusive, the Recognized Claim shall be the lesser of:

(1) $1.80 per share; or
(2) $7.00 per share (the offer price) less the sale price.

C. For shares held as of the opening of trading on May 8, 2015[4], the Recognized Claim shall be $1.80 per share.

To the extent a claimant had a trading gain or "broke even" from his, her or its overall transactions in Ampio shares during the Class Period, the value of the Recognized Claim will be zero and the claimant will not be entitled to a share of the Net Settlement Fund. To the extent that a claimant suffered a trading loss on his, her or its overall transactions in Ampio shares during the Class Period, but that trading loss was less than the Recognized Claim calculated above, then the Recognized Claim shall be limited to the amount of the claimant's actual trading loss.

For purposes of calculating your Recognized Claim, the date of purchase or sale is the "contract" or "trade" date and not the "settlement" or "payment" date. The receipt or grant by gift, inheritance or operation of law of Ampio shares shall not be deemed a purchase, acquisition or sale of Ampio shares for the calculation of an Authorized Claimant's Recognized Claim. The covering purchase of a short sale is not an eligible purchase for purposes of calculating Recognized Claims.

For purposes of calculating your Recognized Claim, all purchases and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim enclosed with this Notice, you must provide all of your purchases of Ampio shares during the time period from January 13, 2014 through and including May 7, 2015.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Lead Counsel or the Settlement Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim Form. All persons involved in the review,

---

[3] This is one day before the initial suit was filed.

[4] This is the date of the initial suit.

verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

## HOW YOU GET A PAYMENT — SUBMITTING A PROOF OF CLAIM FORM

### 10. How can I get a payment?

If you qualify as a Settlement Class Member, to be eligible for a settlement payment from the proceeds of the Settlement approved by the Court, you must send in the Proof of Claim and Release form enclosed with this Notice. You also may get a Proof of Claim and Release form on the internet at www.strategicclaims.net or by calling the Claims Administrator at 866-274-4004. Read the instructions carefully, fill out the form, include all the documents requested, sign the form, and send it by first-class mail, postmarked no later than ____________, to the Claims Adminstrator:

Ampio Pharmaceuticals, Inc. Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Ste. 3
Media, Pennsylvania 19063
info@strategicclaims.net

### 11. When will I get my payment?

The Court will hold a hearing on **______________, 2017** to decide whether to approve the Settlement. If the Court approves the Settlement after that, there may be appeals. It is always uncertain how these appeals will be resolved, and resolving them can take a long time, perhaps more than a year. It also takes a long time, often many months, for all distributions to be accurately reviewed and processed. Please be patient.

### 12. What am I giving up to get a payment or stay in the Settlement Class?

Unless you exclude yourself from the Settlement Class by the _______ deadline, you will be a member of the Settlement Class and will be bound by the release of claims if the Settlement is approved. That means you and all other Settlement Class Members, and each of your respective personal representatives, immediate family, trustees, heirs, executors, administrators, parent entities, associates, affiliates, predecessors, successors and assigns, and any other person or entity claiming to be acting on behalf of any of you, will release (agreeing never to sue,

continue to sue, or be part of any other lawsuit) any claims which arise out of, are based upon or relate in any way to the purchase or sale of Ampio common stock during the Settlement Class Period. It means that all of the Court's orders in the Action will apply to you and legally bind you. The specific terms of the release and related terms are included in the Stipulation.

If you remain a member of the Settlement Class, all of the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement, but you want to keep any right you may have to sue or continue to sue Defendants and the other Released Persons, on your own, concerning the Released Claims, then you must take steps to exclude yourself. This is called excluding yourself or "opting out" of the Settlement Class.

| 13. | How do I exclude myself from the proposed Settlement? |
| --- | --- |

To exclude yourself from the Settlement Class, you must mail a letter stating that you "request exclusion from the Settlement Class in Harr v. Ampio Pharmaceuticals, Inc." You cannot exclude yourself by telephone or e-mail. Your letter must include your name, mailing address, daytime telephone number, e-mail address, and your signature. Your letter must also indicate the number of shares of Ampio common stock owned as of January 13, 2014, and the date(s), price(s) and number(s) of shares of Ampio common stock purchased and sold during the Settlement Class Period. No request for exclusion will be considered valid unless all of the information described above is included in any such request. You must mail your exclusion request by first-class mail, postmarked no later than _______________, 2017 to:

Ampio Pharmaceuticals, Inc. Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Ste. 3
Media, Pennsylvania 19063

If you ask to be excluded, you will not get any Settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and you may be able to sue (or continue to sue) the Defendants and the other Released Persons in the future.

| 14. | If I do not exclude myself, can I sue the Defendants and the other Released Persons for the same thing later? |
| --- | --- |

No. Unless you properly exclude yourself, you give up any rights to sue Defendants and the other Released Persons for any and all Released Claims. If you do not exclude yourself, you will not be entitled to receive any recovery in any other action against any of the Released Persons based on or arising out of the Released Claims.

| | |
|---|---|
| 15. | If I exclude myself, can I get money from the proposed Settlement? |

No. If you exclude yourself, you will not receive any money from this Settlement. But, you may exercise any right you may have to sue, continue to sue, or be part of a different lawsuit against Defendants and the other Released Persons.

## THE LAWYERS REPRESENTING YOU

| | |
|---|---|
| 16. | Do I have a lawyer in this case? |

The Court ordered that The Rosen Law Firm, P.A. will represent Plaintiffs and all Settlement Class Members. These lawyers are called Lead Counsel.

You will not be separately charged for these lawyers. The Court will determine the amount of Lead Counsel's fees and expenses, which will be paid from the Gross Settlement Fund. If you want to be represented by your own lawyer, you may hire one at your own expense.

| | |
|---|---|
| 17. | How will the lawyers be paid? |

Lead Counsel will ask the Court to award attorneys' fees from the Gross Settlement Fund of approximately $850,000, or approximately 25% of the Gross Settlement Fund, plus interest on such fees at the same rate as earned by the Gross Settlement Fund. Lead Counsel will also seek reimbursement of expenses incurred by in connection with the prosecution of this Action in an amount no greater than $100,000 plus interest on such expenses at the same rate as earned by the Gross Settlement Fund.

Lead Counsel, without further notice to the Settlement Class, may subsequently apply to the Court for additional expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Settlement Class and any proceedings subsequent to the Final Fairness Hearing.

The motion for attorneys' fees and expenses will be submitted on behalf of The Rosen Law Firm, P.A.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

| | |
|---|---|
| 18. | How do I tell the Court that I do not like the proposed Settlement? |

If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or the application by Lead Counsel for an award of attorneys' fees and expenses. You may write to the Court setting out your objection. You may give reasons why you think the Court should not approve any or all of the

Settlement terms. If you would like the Court to consider your views, you must file a proper objection within the deadline identified, and according to the following procedures.

To object, you must send a signed letter stating that you object to the proposed Settlement, Plan of Allocation or application for an award of attorneys' fees and expenses in Harr v. Ampio Pharmaceuticals, Inc., et al., Case No. 2:15-cv-03474 (C.D. Cal.). Be sure to include your name, address, daytime telephone number, e-mail address, and your signature, identify and supply documentation showing your purchases and sales of Ampio common stock during the Settlement Class Period, and state the reasons why you object to the Settlement, including all legal support you wish to bring to the Court's attention and any evidence you have to support your objection. Your objection must be filed with the Court and mailed or delivered to the following counsel at all of the following addresses, so that it is received no later than ____________________, 2017:

**The Court:**
Clerk of the Court
First Street Federal Courthouse
United States District Court for
The Central District of California
350 W. 1st Street
Los Angeles, CA 90012

**Lead Counsel:**
Laurence Rosen, Esq.
Phillip Kim, Esq.
The Rosen Law Firm, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016

**Counsel for Defendants:**
Deborah S. Birnbach, Esq.
Goodwin Procter LLP
100 Northern Avenue
Boston, MA 02210

You do not need to go to the Final Fairness Hearing to have your written objection considered by the Court. Any Settlement Class Member who has not previously submitted a request for exclusion from the Settlement Class and who has complied with the objection procedures set out in this question 18 may also appear at the Final Fairness Hearing and be heard, to the extent allowed by the Court, to state his, her or its objection to the Settlement, the Plan of Allocation, or Lead Counsel's motion for an award of attorneys' fees and reimbursement of expenses. Any such objector may appear in person or arrange, at his or her own expense, for a lawyer to represent him or her at the Final Fairness Hearing.

### 19. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the proposed Settlement. You can object only if you stay in the Settlement Class and follow the objection procedures described above. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE FINAL FAIRNESS HEARING

The Court will hold a hearing, called a Final Fairness Hearing, to consider whether to approve the proposed Settlement. At or after the Final Fairness Hearing, the Court will also decide whether to approve the Plan of Allocation of the Net Settlement Fund and Lead Counsel's application for attorneys' fees and expenses and any award to Plaintiffs.

| 20. When and where will the Court decide whether to approve the proposed Settlement? |
|---|

The Court will hold the Final Fairness Hearing on ____________________, 2017, at ___:___ __.m., in Courtroom 9B at the United States District Court for the Central District of California, United States Courthouse, 350 W. 1st Street, 9th Floor, Los Angeles, California 90012.

At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate and should be approved, and will also consider the proposed Plan of Allocation and the application of Lead Counsel for attorneys' fees and reimbursement of expenses. The Court will take into consideration any written objections filed in accordance with the instructions at question 18. The Court may also decide how much to pay to Plaintiffs' lawyers for their fees and expenses. At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

Also at the hearing the Court will decide whether to approve the dismissal with prejudice of all claims against Defendants.

| 21. Do I have to come to the hearing? |
|---|

No. Lead Counsel will answer any questions the Court may have. But, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to discuss it. As long as you filed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to question 22 below.

Please be aware that the Court may change the date or time of the Final Fairness Hearing without further notice to Settlement Class Members. If you or your attorney plan to come to the hearing, you should check with Lead Counsel before coming to be sure that the date or time has not changed.

Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval of the matters being considered at the hearing.

| 22. May I speak at the hearing? |
|---|

You may speak at the Final Fairness Hearing if you are a Settlement Class Member and you filed an objection to the Settlement, the Plan of Allocation, and/or Lead Counsel's application for an award of attorneys' fees and expenses in the manner and the time period described in the answer to question 18 above. If you plan to have an attorney speak on your behalf at the Final Fairness Hearing, your attorney must, on or before _________________, 2017, file a Notice of Appearance in this Action with the Clerk of the Court and deliver a copy to Lead Counsel and Counsel for Defendants at the addresses listed in the answer to question 18 above.

If you or your attorney plan to attend the Final Fairness Hearing and present evidence at the hearing, your written objections (prepared and submitted in accordance with the answer to question 18 above) must identify any witness you or your attorney may seek to call to testify, and must identify any documents or other exhibits you or your attorney may seek to introduce into evidence.

## IF YOU DO NOTHING

| 23. What happens if I do nothing at all? |
|---|

If you do nothing, you will get no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against the Defendants and the other Released Persons concerning the Released Claims, ever again. To share in the Net Settlement Fund, you must submit a Proof of Claim form (see question 10). To start, continue or be a part of any other lawsuit against the Defendants and the other Released Persons concerning the Released Claims in this case, you must exclude yourself from the Settlement Class (see question 13).

## GETTING MORE INFORMATION

| 24. Are there more details about the proposed Settlement? |
|---|

This Notice summarizes the proposed Settlement. More details are in the Stipulation of Settlement dated January31, 2017. You can get a copy of the Stipulation by contacting Laurence Rosen, Esq. or Phillip Kim, Esq., The Rosen Law Firm P.A., 275 Madison Avenue, 34th Floor, New York, New York 10016.

You also can call the Claims Administrator toll-free at 866-274-4004; send an e-mail to info@strategicclaims.net; write to Ampio Pharmaceuticals, Inc. Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St. Ste 3, Media, PA 19063; or visit the website at www.strategicclaims.net, where you will find answers to common questions about the Settlement, a Proof of Claim form, and other information to help you determine whether you are a Settlement Class Member and whether you are eligible for a payment.

| 25. How do I get more information? |
|---|

For even more detailed information concerning the matters involved in this action, reference is made to the pleadings, to the Stipulation, to the Orders entered by the Court and the other papers filed in the Action, most of which may be inspected at the Office of the Clerk of the United States District Court for the Central District of California, First Street Federal Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, on weekdays (other than court holidays) between 9:00 a.m. and 4:00 p.m. Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the action through the Court's on-line Case Management/Electronic Case Files System at https://ecf.cacd.uscourts.gov.

***PLEASE DIRECT YOUR QUESTIONS TO THE CLAIMS ADMINISTRATOR OR TO LEAD COUNSEL. DO NOT CONTACT THE COURT.***

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If, between January 13, 2014 and including August 21, 2014, inclusive, you purchased the common stock of Ampio Pharmaceuticals, Inc. for the beneficial interest of a person or organization other than yourself, the Court has directed that, WITHIN TEN (10) DAYS OF YOUR RECEIPT OF THIS NOTICE, you either (a) provide to the Claims Administrator the name and last known address of each person or organization for whom or which you purchased such Ampio common stock during such time period or (b) request additional copies of this Notice and the Proof of Claim form, which will be provided to you free of charge, and within ten (10) days mail the Notice and Proof of Claim form directly to the beneficial owners of the Ampio common stock. If you choose to follow alternative procedure (b), the Court has directed that, upon such mailing, you send a statement to the Claims Administrator confirming that the mailing was made as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing. Those expenses will be paid upon request and submission of appropriate supporting documentation. If you follow alternative procedure (b), your reimbursement of reasonable out-of-pocket postage and expenses are not to exceed $.75 per unit. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 4 above.

Dated: Los Angeles, California
_______________, 2017

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE CENTRAL
DISTRICT OF CALIFORNIA

# EXHIBIT A-2

Exhibit A-2

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ERIC HARR, BRYAN HARR, THOMAS DILORENZO, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMPIO PHARMACEUTICALS, INC., MICHAEL MACALUSO, MARK D. MCGREGOR, GREGORY A. GOULD, VAUGHAN L. CLIFT,<br><br>Defendants. | Case No. 2:15-cv-03474-TJH-PJW (Consolidated with 2:15-cv-03640)<br><br>**CLASS ACTION**<br><br>Judge: Judge Terry J. Hatter, Jr.<br>Courtroom: 9B – First Street<br>Action Filed: May 8, 2015 |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND FAIRNESS HEARING**

**TO: ALL PURCHASERS OF COMMON STOCK OF AMPIO PHARMACEUTICALS, INC. (“AMPIO”) DURING THE PERIOD JANUARY 13, 2014 THROUGH AND INCLUDING AUGUST 21, 2014, INCLUDING THOSE WHO PURCHASED AMPIO COMMON STOCK PURSUANT AND/OR TRACEABLE TO AMPIO’S SECONDARY PUBLIC OFFERING ON OR ABOUT FEBRUARY 28, 2014.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Central District of California, that a hearing will be held before the Honorable Terry J. Hatter, Jr., United States District Judge, on ___________________, 2017 at ______.m. in Courtroom 9B of the First Street Courthouse, 350 W. 1st Street, 9th Floor, Los Angeles, CA 90012, for the purpose of determining, among other things, (i) whether the proposed Settlement of this Action for $3,400,000 is fair, reasonable, and adequate and should be approved; (ii) whether this Action should be dismissed with prejudice as against the

Defendants as set forth in the Stipulation of Settlement dated as of January 31, 2017; (iii) whether the Plan of Allocation of the Net Settlement Fund is fair and reasonable and should be approved; and (iv) the reasonableness of an application of Lead Counsel for the payment of attorneys' fees and expenses, with interest, incurred in connection with this Action. Lead Counsel intends to seek attorneys' fees of $850,000 (25% of the Settlement Amount), reimbursement of expenses not to exceed $100,000, and awards to Lead Plaintiffs Eric and Bryan Harr and Plaintiff Thomas DiLorenzo of no greater than $15,000 ($5,000 each).

The Court has reserved the right to reschedule the hearing from time to time without further notice.

If, between January 13, 2014 and August 21, 2014 (the "Settlement Class Period") you purchased Ampio common stock, your rights may be affected by this Action and the settlement thereof. If you have not received the detailed Notice of Pendency and Proposed Settlement of Class Action and Fairness Hearing (the "Notice") and Proof of Claim form, you may obtain them free of charge at www.strategicclaims.net; by sending an e-mail to info@strategicclaims.net; by calling the Claims Administrator toll-free at 866-274-4004; or by writing to Ampio Pharmaceuticals, Inc. Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 3, Media, PA 19063. You may also contact Lead Counsel directly: Laurence Rosen, Esq. or Phillip Kim, Esq., The Rosen Firm, P.A., 275 Madison Avenue, 34th Floor, New York, New York 10016, (212) 686-1060.

If you are a member of the Settlement Class and wish to share in the Settlement money, you must submit a Proof of Claim postmarked no later than _______________, 2017 to the Claims Administrator establishing that you are entitled to recovery. As further described in the Notice, you will be bound by any judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Settlement Class, in accordance with

Exhibit A-2

the procedures set forth in the Notice, postmarked no later than ___________, 2017 to the Claims Administrator. Any objections to the Settlement, Plan of Allocation or attorneys' fees and expenses must be filed and served, in accordance with the procedures set forth in the Notice, received no later than __________, 2017 to each of the following:

| | | |
|---|---|---|
| Clerk of the Court<br>U.S. District Court<br>Central District of California<br>First Street Federal Courthouse<br>350 W. 1st Street<br>Los Angeles, CA 90012 | Laurence M. Rosen, Esq.<br>Phillip Kim, Esq.<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 34th Floor<br>New York, NY 10016<br><br>*Lead Counsel* | Deborah S. Birnbach, Esq.<br>GOODWIN PROCTER LLP<br>100 Northern Avenue<br>Boston, MA 02210<br><br>*Counsel for Defendants* |

If you have any questions about the Settlement, you may call or write to Lead Counsel:

Laurence M. Rosen, Esq.
Phillip Kim, Esq.
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel.: 212-686-1060
Fax: 212-202-3827

***PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE ABOUT THIS NOTICE.***

Dated: ______________, 2017

BY ORDER OF THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

# EXHIBIT A-3

Exhibit A-3

## PROOF OF CLAIM AND RELEASE

**Deadline for Submission: ____________________**

IF YOU PURCHASED (A) AMPIO PHARMACEUTICALS, INC. ("AMPIO") COMMON STOCK DURING THE PERIOD FROM JANUARY 13, 2014 THROUGH AUGUST 21, 2014, INCLUSIVE, INCLUDING PURCHASING AMPIO COMMON STOCK PURSUANT AND/OR TRACEABLE TO AMPIO'S SECONDARY PUBLIC OFFERING ON OR ABOUT FEBRUARY 28, 2014 (THE "SETTLEMENT CLASS PERIOD"), YOU ARE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE ("PROOF OF CLAIM") AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN __________ TO STRATEGIC CLAIMS SERVICES, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

Ampio Pharmaceuticals, Inc. Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 3
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

YOUR FAILURE TO SUBMIT YOUR CLAIM BY _______, 2017 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOU FROM RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION. DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL, AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

### CLAIMANT'S STATEMENT

1. I (we) purchased Ampio common stock and was (were) damaged thereby. (Do not submit this Proof of Claim if you did not purchase Ampio common stock during the designated Settlement Class Period).

2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Pendency and Proposed Settlement of Class Action and Final Fairness Hearing (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net

Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim.

4. I (we) have set forth where requested below all relevant information with respect to each purchase of Ampio common stock during the Settlement Class Period, and each sale, if any, of such securities. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of Ampio common stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6. I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Claim. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7. Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) current, past and future personal representatives, immediate family, trustees, heirs, executors, administrators, parent entities, associates, affiliates, predecessors, successors and assigns, and any other person or entity claiming (now or in the future) to be acting on behalf of any of them, of all of the Released Claims (as defined in the Stipulation) against each of the Released Persons (as defined in the Stipulation).

8. NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at 1-866-274-4004 or visit their website at www.strategicclaims.net to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

**I. CLAIMANT INFORMATION**

| | | |
|---|---|---|
| Name | | |
| | | |
| Address | | |
| | | |
| City | State | ZIP |
| Foreign Provence | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Social Security Number (for individuals) | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |

**II. SCHEDULE OF TRANSACTIONS IN AMPIO COMMON STOCK**

**Purchases:**

A. Separately list each and every open market purchase of Ampio common stock during the period from January 13, 2014 through and including May 7, 2015, including purchases of Ampio common stock pursuant and/or traceable to Ampio's secondary public offering on or about February 28, 2014, provide the following information (*must be documented):*

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Sales:**

B. Separately list each and every sale of Ampio common stock during the period from January 13, 2014 through and including May 7, 2015, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|

| | | | |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Ending Holdings:**

C. State the total number of shares of Ampio common stock owned at the close of trading on May 7, 2015, long or short (*must be documented).* [ ]

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification number at the top of each sheet.**

**III. SUBSTITUTE FORM W-9**

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | **or** | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| ______________________ | | ______________________ |

**IV. CERTIFICATION**

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

____________________________________
(Signature)

____________________________________
(Signature)

____________________________________
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐ Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: ______________________

**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN _________________, 2017 AND MUST BE MAILED TO:**

Ampio Pharmaceuticals, Inc. Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 3
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
info@strategicclaims.net

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by __________, 2017 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

**REMINDER CHECKLIST**

- Please be sure to sign this Proof of Claim on page_____. If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

- Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

- Do NOT use highlighter on the Proof of Claim or any supporting documents.

- If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

# EXHIBIT B

Exhibit B

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| ERIC HARR, BRYAN HARR, THOMAS DILORENZO, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMPIO PHARMACEUTICALS, INC., MICHAEL MACALUSO, MARK D. MCGREGOR, GREGORY A. GOULD, VAUGHAN L. CLIFT,<br><br>Defendants. | Case No. 2:15-cv-03474-TJH-PJW<br>(Consolidated with 2:15-cv-03640)<br><br>**<u>CLASS ACTION</u>**<br><br>**[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE**<br><br>Judge: Judge Terry J. Hatter, Jr.<br>Courtroom: 9B – First Street<br>Action Filed: May 8, 2015 |

This matter came before the Court for a hearing pursuant to the Order of this Court entered on __________, 2017 (“Preliminary Approval Order”), on the application of the Parties for approval of the Settlement set forth in the Stipulation of Settlement (the “Stipulation”), executed as of January 31, 2017 and filed with the Court on February 28, 2017. All capitalized terms used herein have the meanings set forth and defined in the Stipulation.

The Court has received declarations attesting to the mailing of the Notice and publication of the Summary Notice in accordance with the Preliminary Approval Order, due and adequate notice having been given to the Settlement Class as required by the Preliminary Approval Order, and the Court having considered all papers filed and proceedings in this Action and otherwise being fully informed of the matters herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the subject matter of this Action, including the terms and conditions of the Stipulation and all exhibits thereto and the Plan of Allocation of the Net Settlement Fund, and over all Parties to the Action and all Settlement Class Members.

2. Per the Court’s Preliminary Approval Order, the Court has certified for settlement purposes, a Settlement Class consisting of all Persons who purchased the common stock of Ampio Pharmaceuticals, Inc. (“Ampio”) from and including January 13, 2014 to August 21, 2014, including those who purchased Ampio common stock pursuant and/or traceable to Ampio’s secondary public offering on or about February 28, 2014 (the “Settlement Class”). Excluded from the Settlement Class are Defendants, the present and former officers and directors of Ampio, members of the Immediate Family of any Individual Defendant and the legal representatives, heirs, successors and assigns of any of the foregoing, as well as any entity in which Defendants have or had a controlling interest. Also excluded from the Settlement Class are those Persons who submitted valid and timely requests for

exclusion in accordance with the requirements set forth in the Notice, who are listed on Exhibit 1 hereto.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff The Harr Family, comprised of Eric and Bryan Harr ("Lead Plaintiff"), and Plaintiff Thomas DiLorenzo (collectively with Lead Plaintiff, the "Plaintiffs") are confirmed as the class representatives for the Settlement Class ("Class Representatives") and Lead Counsel is confirmed as counsel for the Settlement Class.

4. This Court finds that the distribution of the Notice and the publication of the Summary Notice, and the notice methodology, all implemented in accordance with the terms of the Stipulation and the Court's Preliminary Approval Order:

(a) constituted the best practicable notice to the Settlement Class Members under the circumstances;

(b) were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the terms and effect of the Stipulation and the proposed Settlement of this class action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Final Fairness Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all Persons who are not excluded from the Settlement Class;

(c) were reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to be provided with notice; and

(d) fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the

Exchange Act, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, the Rules of the Court, the Class Action Fairness Act, 28 U.S.C. § 1715, and any other applicable law.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds that the terms and provisions of the Stipulation were entered into by the Parties at arm's-length and in good faith, and are fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members. The Parties and their counsel are hereby directed to implement and consummate the Settlement in accordance with its terms and conditions.

6. The Action and all Released Claims are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Stipulation or this Final Judgment and Order of Dismissal With Prejudice ("Final Judgment").

7. In accordance with Paragraph 1.28 of the Stipulation, for purposes of this Final Judgment the term "Released Persons" shall mean: (a) any and all of the Defendants and any person, partnership, firm, corporation, limited liability company, trust or other entity or organization in which any Defendant has a controlling interest or which is or was related to or affiliated with any of the Defendants; and (b) with respect to each of the Persons in subsection (a), their respective past, present or future directors, officers, employees, insurers, reinsurers, attorneys, agents, partners, principals, advisors, investment advisors, auditors, accountants, trustees, underwriters, investment bankers, subsidiaries, parents, successors, predecessors, heirs, Immediate Family, and anyone acting or purporting to act for or on behalf of any of them or their successors.

8. In accordance with Paragraph 1.27 of the Stipulation, for purposes of this Final Judgment the term "Released Claims" shall mean: any and claims, rights, demands, causes of action or liabilities of any kind, nature and character (including but not limited to claims for damages, interest, attorneys' fees, expert or consulting

fees, and any and all other costs, expenses or liabilities whatsoever), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, whether foreign or domestic, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, individual or derivative in nature (collectively "Claims"), including known and Unknown Claims (as defined below), against any of the Released Persons (as defined below) that: (i) were asserted or could have been asserted in the Action; (ii) would have been barred by res judicata had the Action been fully litigated to a final judgment; or (iii) that could have been, or could in the future be, asserted in any forum or proceeding or otherwise by any member of the Settlement Class against any of the Released Persons that relate to the purchase or sale of Ampio common stock (collectively, the "Released Claims"), *provided that* Released Claims shall not include: (1) claims to enforce the Settlement; and (2) shareholder derivative claims filed by Ampio shareholder Michelle Oglina, as presently asserted, in *Oglina v. Macaluso*, *et al*., No. 2:15-cv-5970-TJH-PJW (C.D. Cal.); shareholder derivative claims filed by Ampio shareholder Patrick Loyd, as presently asserted, in *Loyd v. Giles*, *et al*., No. 2015-CV-33429 (Colo. Denver District); and shareholder derivative claims as contemplated or threatened by letters dated May 8, 2015 and October 17, 2015 sent on behalf of Ampio shareholder Albert Halegoua.

9. In accordance with Paragraph 1.36 of the Stipulation, for purposes of this Final Judgment the term "Unknown Claims" shall mean: any Released Claims which Plaintiffs or any Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. Unknown Claims include those claims in which some or all of the facts comprising the claim may be suspected, or even undisclosed or hidden. With respect to any and all Released Claims, the Parties stipulate and agree

that, upon the Effective Date, Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of this Final Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have, and by operation of this Final Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable or equivalent in effect to California Civil Code § 1542. Plaintiffs and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of this Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

10. Plaintiffs and each of the other Settlement Class Members, on behalf of themselves and each of their respective personal representatives, Immediate Family, trustees, heirs, executors, administrators, parent entities, associates, affiliates, predecessors, successors and assigns, and any other Person claiming (now or in the future) to be acting on behalf of any of them, and regardless of whether any such Plaintiff or Settlement Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Net Settlement Fund, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons and shall be permanently barred and enjoined from instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting, or assisting any Person in instituting, commencing, participating in, continuing, maintaining, asserting or prosecuting any Released Claim against any of the Released Persons.

11. Defendants, on behalf of themselves, their heirs, executors, predecessors, successors and assigns, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Plaintiffs, Settlement Class Members and Lead Counsel from all Claims which arise out of, concern or relate to the institution, prosecution, settlement or dismissal of the Action ("Defendants' Released Claims") and shall be permanently enjoined from prosecuting the Defendants' Released Claims against the Plaintiffs, Settlement Class Members and Lead Counsel.

12. All Persons and/or entities whose names appear on Exhibit 1 hereto are hereby excluded from the Settlement Class, are not bound by this Final Judgment, and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded Persons and entities may not pursue any Released Claims on behalf of those who are bound by this Final Judgment.

13. This Final Judgment, the Stipulation, and any of their respective provisions, and any negotiations, proceedings or agreements relating to the Stipulation and the Settlement, and all matters arising in connection with such negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of the Stipulation:

i. shall not be offered or received against any of the Defendants as evidence of a presumption, concession, or admission of any kind;

ii. shall not be offered or received against any of the Defendants as evidence of an admission by any of those Defendants with respect to the truth of any fact alleged in the Complaint or the validity of any Released Claim, or the deficiency of any defense that has been or could have been asserted, or of any liability, negligence, fault, or wrongdoing of the Defendants;

iii. shall not be offered or received against the Defendants as evidence of any fault, misrepresentation, omission or other actionable conduct with respect to any statement or written document approved or made by any of the Defendants;

iv. shall not be offered or received against the Defendants as evidence of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Defendants, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Persons may refer to the Stipulation to effectuate the release of Released Claims and other liability protections granted to them in the Stipulation;

v. shall not be construed against any of the Defendants as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial;

vi. shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the other Settlement Class

Members that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Amount; and

vii. shall not, in the event of a Termination, be used by any Party for any purpose in any trial in this Action.

Any Party may file or introduce the Stipulation or this Final Judgment in any action or proceeding that may be brought to enforce the terms of the Stipulation and/or this Final Judgment, or any action or proceeding related to rights or claims of Defendants relating to indemnification and/or advancement in connection with this Action.

14. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Gross Settlement Fund, including interest earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; (d) application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to Settlement Class Members; and (e) all Parties hereto for the purpose of construing, enforcing and administering the Settlement.

15. Any orders regarding the Plan of Allocation of the Net Settlement Fund, the Fee and Expense Award, or the Award to Plaintiffs, or any appeal, modification or change of any of the foregoing, shall in no way disturb or affect the finality of this Final Judgment and shall be considered separate from this Final Judgment.

16. This Court finds that Plaintiffs and Lead Counsel adequately represented the Settlement Class under Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure for purpose of negotiating, entering into, and implementing the Settlement and at all times during the pendency of this Action.

17. This Court finds that during the course of the litigation, the Plaintiffs, Lead Counsel and the Defendants and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

18. Nothing in this Final Judgment constitutes or reflects a waiver, release or discharge of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives.

19. The Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Stipulation and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Stipulation are done in accordance with the terms of Paragraph 7.2 of the Stipulation, are not materially inconsistent with this Final Judgment and do not materially limit the rights of Settlement Class Members or the Released Persons under the Stipulation.

20. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Gross Settlement Fund, or any portion thereof, is returned to Defendants' insurers, then this Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the provisions of Paragraph 7.7 of the Stipulation shall apply.

21. The provisions of this Final Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment. The Clerk is hereby directed to immediately enter this Final Judgment.

Case 2:15-cv-03474-TJH-PJW Document 78-6 Filed 02/23/17 Page 12 of 12 Page ID #:1193

SO ORDERED this ____ day of ______, 2017.

____________________________________

The Honorable Terry J. Hatter, Jr.
United States District Court Judge